# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAYANCY PAIZ, LARISSA RAPADAS, TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, KIMBERY MOORE KELLER, KRISTA BAUMBACH, and LATRICIA ANDERSON THOMPSON<br><br>Plaintiffs,<br><br>v.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, AND VITAL CHOICE<br><br>Defendants. | Case No. 23-cv-07441-AB-PVC<br><br>Hon. André Birotte Jr.<br>Courtroom 7B<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT 800-FLOWERS, INC.'S MOTION TO COMPEL ARBITRATION AND STAY CASE AND MOTION TO DISMISS**<br><br>[*Filed Concurrently With Notice of Motion and Motion to Compel Arbitration and Stay Case and Motion to Dismiss; and Declaration of Alejandro Colman*]<br><br>Action Filed:     September 7, 2023<br>Trial Date:         None Set |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____, 2024, upon consideration of defendant 800-Flowers, Inc.'s Motion to Compel Arbitration and Stay Case and Motion to Dismiss it is hereby **ORDERED** that:

800-Flowers, Inc.'s Motion to Compel Arbitration and Stay Case is **GRANTED** and this action is stayed pending resolution of the arbitration proceedings on the grounds that plaintiffs Anayancy Paiz, Larissa Rapadas, Marie Scott, Kimberly Moore Keller, and LaTricia Anderson Thompson agreed to arbitrate their claims asserted in the complaint. *See* Declaration of Alejandro Colman ¶¶ 4–14, 16–19, Exs. A–C; *see also Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505 (9th Cir. 2023); *Berman v. Freedom Financial Network LLC*, 30 F.4th 849, 855–858 (9th Cir. 2022); *Kaplan v. Athletic Media Co.*, No. 23-cv-00229-JST, 2023 WL 8587981, at *3–4 (N.D. Cal. Dec. 8, 2023).

[*or*]

800-Flowers, Inc.'s Motion to Dismiss the claims brought by plaintiffs Kimberly Moore Keller and LaTricia Anderson Thompson is **GRANTED** and their claims are hereby dismissed on the grounds that these plaintiffs lack standing under both Article III of the U.S. Constitution and under California's unfair competition and false advertising laws, as they did not incur any automatic renewal fees – the only fees for which they seek redress in their first amended complaint. Declaration of Alejandro Colman ¶¶ 15, 20); *Mayron v. Google LLC*, 54 Cal. App. 5th 566 (2020).

**IT IS SO ORDERED.**

Dated:

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE