# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAYANCY PAIZ, et. al., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>800-FLOWERS, INC.,<br><br>Defendant. | Case No.: 2:23−CV−07441-AB-PVC<br><br>Judge: Honorable André Birotte, Jr.<br><br>Scheduling Conference: February 2, 2024<br><br>**JOINT RULE 26(f) REPORT** |

Plaintiffs Anayancy Paiz, Larissa Rapadas, Skyler Foster, Marie Scott, Kimberly Moore Keller, Krista Baumbach, and LaTricia Anderson Thompson individually and on behalf of all others similarly situated, and Defendant 800-Flowers, Inc. jointly submit the following Rule 26(f) Report pursuant to the Court's Order Setting Scheduling Conference (ECF No. 15) and state as follows:

**(a)** **<u>Statement of the Case</u>**

- *Plaintiffs*

This is a consumer class action. Defendant 800-Flowers, Inc. is an online retailer which operates a family of brands for special occasion flower deliveries and gift giving. Defendant offers the "Celebrations Passport" program across most of its brands. Celebrations Passport is a membership program that provides customers free shipping and no service fees for the first year at a cost of $19.99, which then automatically renews every year after the initial year at a cost of $29.99 plus tax (the "Automatic Renewal Fee") charged to the consumer's stored credit card, debit card or third-party payment account (collectively the "Payment Method"). Plaintiffs are 800-Flowers, Inc. customers. Plaintiffs allege that prior to assessing the Automatic Renewal Fees, Defendant failed to adequately disclose to them that they would be agreeing to these fees when they made their purchases, and accordingly failed to obtain Plaintiffs' and other California consumers' consent to be charged these fees. By assessing the Automatic Renewal Fees to Plaintiffs and other California consumers without providing adequate notice or obtaining the requisite consent, Defendant violated California's Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq*. Specifically, Plaintiffs allege ARL violations for: Defendant's (i) failure to present the automatic renewal offer terms applicable to the Celebrations Passport in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement is fulfilled, in violation of Section 17602(a)(1); (ii) charging consumers' Payment Method without first obtaining affirmative consent to the agreement containing the

automatic renewal offer terms, in violation of Section 17602(a)(2); and (iii) failure to provide notice of the renewal between 15 and 45 days before the automatic renewal occurs, in violation of Section17602(b)(2). Cal. Bus. & Prof. Code §§ 17602(a)(l), (a)(2), and (b)(2). Plaintiffs seek damages, restitution, injunctive relief, and reasonable attorneys' fees and costs, for: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and (ii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*. Plaintiffs seek to certify the following class: "All persons in California who, within the applicable statutory period, up to and including the date of final judgment in this action, incurred an Automatic Renewal Fee in connection with Celebrations Passport."

- *Defendant*

Defendant 800-Flowers, Inc. complied with California law when it advertised and sold Celebrations Passport including by clearly and conspicuously disclosing all of the renewal and pricing terms before any consumer purchased Celebrations Passport. This is evidenced by, among other things, the screens set forth in Alejandro Colman's declaration filed in support of 800-Flowers, Inc.'s pending motion to compel most of the plaintiffs to arbitrate. (ECF No. 27.)

Additionally, two plaintiffs did not even incur any Celebrations Passport renewal charges at all. Accordingly, 800-Flowers, Inc. seeks to dismiss these plaintiffs for lack of standing if the Court does not compel them to arbitrate.

800-Flowers, Inc.'s pending motion also requests that the Court stay the entire litigation pending the outcome of the arbitrations, and respectfully submits that the Court should defer entering any case deadlines until those arbitrations are completed assuming that the Court compels arbitration. Thus, by participating in the Rule 26(f) conference and submitting this joint report, 800-Flowers, Inc. does not waive any right or defense, including with respect to seeking to compel arbitration for the reasons set forth in its pending motion. 800-Flowers, Inc.

proposes deadlines and submits this joint report solely to comply with the Court's order at ECF No. 15.

Finally, given the varying experiences putative class members encountered when purchasing Celebrations Passport, that many if not most agreed to arbitration and waive their rights to pursue class claims, and the other individualized inquiries raised by 800-Flowers, Inc. in its motions to compel arbitration in this case and in the Damon Tate litigation (C.D. Cal. Case No. 2:23-cv-04340-AB-PVC), which different plaintiffs represented by the same counsel as plaintiffs' counsel herein ultimately dismissed in response to 800-Flowers, Inc.'s motion to compel arbitration and for other relief, and for many other reasons, 800-Flowers, Inc. submits that no class can or should be certified.

**(b)** **Subject Matter Jurisdiction**

The Class Action Complaint asserts subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 purported class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant. 800-Flowers, Inc. does not currently contest that the Court has subject matter jurisdiction over claims brought by Foster and Baumbach but contends that it lacks subject matter jurisdiction over other plaintiffs as set forth in its pending motion. 800-Flowers maintains that neither the plaintiffs nor any of the putative class members suffered any injury or damages by reason of the allegations set forth in their operative complaint, and that the Court should not award any of the monetary or other relief set forth in plaintiffs' operative complaint.

**(c)** **Legal Issues**

Defendant has advised Plaintiffs that it believes certain of the named Plaintiffs' claims are subject to arbitration. Plaintiffs will oppose any motion to compel arbitration in this case.

| | |
|---|---|
| 1 | Other issues to be presented to this Court later in the litigation include: (a) whether Defendant's annual renewal of Celebrations Passport constitutes an "automatic renewal" within the meaning of Cal. Bus. & Prof. Code § 17601(a); (b) whether Defendant presented the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17602(a)(l); (c) whether Defendant charged Plaintiffs' and Class members' Payment Methods an Automatic Renewal Fee without first obtaining their affirmative consent to the automatic renewal offer terms; (d) whether the goods and services provided by Defendant are deemed "unconditional gifts" in accordance with Cal. Bus. & Prof. Code § 17603; (e) whether Defendant's conduct alleged herein violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. and/or California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; (f) whether some or all of the named plaintiffs and putative class members agreed to arbitrate their claims; (g) whether some or all of the named plaintiffs and putative class members have standing to pursue the claims alleged in the first amended complaint including whether they actually incurred an autorenewal change; (h) whether some or all of the named plaintiffs did not suffer any injury by reason of any alleged failure to disclose renewal and other pricing terms; and (i) whether repeated payments for Celebrations Passport renewal charges by some or all of the named plaintiffs and putative class members operated to waive their claims for relief asserted in their operative complaint   The parties reserve their rights to identify additional legal issues as the case progresses and discovery is exchanged. |

**(d)** **<u>Parties, Evidence, etc.</u>**

The parties are Plaintiffs Anayancy Paiz, Larissa Rapadas, Skyler Foster, Marie Scott, Kimberly Moore Keller, Krista Baumbach, and LaTricia Anderson Thompson and Defendant 800-Flowers, Inc.  To date, Defendant has not identified

any subsidiaries, parents, or affiliates except through its corporate disclosure statement and notice of interested parties. The parties reserve their rights to seek additional documents or categories of documents, and identify additional witnesses as information is revealed in discovery.

The parties anticipate the following individuals are percipient witnesses: Plaintiffs; Defendant; certain of Defendant's personnel; and any third-parties defendant used to design, operate, or manage its websites. Plaintiffs believe the key evidence needed to establish the claims are: records within Defendant's and/or Defendant's agents' possession that evidence Plaintiffs' and the Class Member's purchases of Celebrations Passport, corresponding records which show how much money Defendant collected from renewals of Celebrations Passport which occurred in violation of the ARL, and the various prior iterations of Defendant's website that show the web pages through which Plaintiffs and Defendant's other customers would have navigated when they became enrolled in Celebrations Passport. 800-Flowers, Inc. will rely on various versions of its websites to show that it clearly and conspicuously disclosed all of the renewal and pricing terms before any consumer purchased Celebrations Passport and otherwise complied with California law, and that several named plaintiffs and putative class members agreed to arbitrate their claims and waive their rights to pursue class relief. 800-Flowers, Inc. will identify witnesses on these topics.

**(e)** **Damages**

- *Plaintiffs*

At this time, Plaintiffs are unable to determine the number of Class members or the number of autorenewal charges at issue, and are thus unable to calculate the precise amount of damages at stake. However, Plaintiffs submit that such information is ascertainable from Defendant's records, as discussed above.

- *Defendant*

5

1     Neither the named plaintiffs nor any putative class member suffered any
2 damages by reason of the allegations set forth in plaintiffs' operative complaint.

**(f) <u>Insurance</u>**

- *Plaintiffs*

None.

- *Defendant*

None.

**(g) <u>Motions</u>**

- *Plaintiffs*

Defendant filed a motion to compel arbitration on January 18, 2024. Plaintiffs may seek to add additional representative plaintiffs or amend the pleadings, and thus propose a hearing deadline of April 26, 2024. Plaintiff will also be moving to certify the class under Fed. R. Civ. P. 23 and L.R. 23-3. The parties will file a separate stipulation concerning a deadline to file, and a briefing schedule for, plaintiffs' motion for class certification.

- *Defendant*

800-Flowers, Inc. moved to compel five of the seven plaintiffs to arbitrate their claims, to dismiss two plaintiffs for lack of standing in the alternative, and to stay the litigation pending completion of the arbitrations. 800-Flowers, Inc. reserves the right to oppose any motion for class certification that plaintiffs may file, and any motion to add additional parties as doing so would comprise the fifth time they attempted to cure defects in their complaint.

**(h) <u>Dispositive Motions</u>**

- *Plaintiffs*

Plaintiffs believes that certain issues may be amenable to resolution by summary judgment following certification of the class, including whether Defendant provided "clear and conspicuous" notice of its autorenewal terms consistent with Cal.

Bus. & Prof. Code § 17601(c), whether Defendant had affirmative consent to charge an autorenewal fee as required under Cal. Bus. & Prof. Code §§ 17602(a)(2), and whether Defendant complied with the ARL statute's pre-renewal notification requirement at Cal. Bus. & Prof. Code §§ 17602(b)(2).

- *Defendant*

800-Flowers, Inc. anticipates filing a motion for summary judgment on or before the proposed deadline for dispositive motions set forth in the attached scheduling worksheet. 800-Flowers, Inc. will oppose any motion for summary judgment that plaintiffs file.

**(i)    Manual for Complex Litigation**

The parties do not believe any of the procedures set forth the Manual for Complex Litigation beyond those reflected in the Court's procedures are necessary.

**(j)    Status of Discovery**

- *Plaintiffs*

Plaintiffs have served Defendant their Rule 26(a) disclosures and anticipate serving written discovery as provided under Rule 26(d) before the upcoming Scheduling Conference.

- *Defendant*

800-Flowers, Inc.'s pending motion also requests that the Court stay the entire litigation pending the outcome of the arbitrations, and respectfully submits that the Court should defer entering any case deadlines until those arbitrations are completed assuming that the Court compels arbitration. 800-Flowers does not believe discovery should occur until the pending motion is resolved especially given plaintiffs' statement in this report that it might seek to add additional plaintiffs to the litigation in response to 800-Flowers, Inc.'s motion.

**(k)–(m)    Discovery**

- *Plaintiffs*

7

JOINT CASE MANAGEMENT REPORT    CASE NO. 2:23−CV−07441-AB-PVC

| | |
|---|---|
| 1 | Plaintiff believes discovery is needed on at least the following issues: (i) |
| 2 | whether Defendant charged Plaintiffs' Payment Methods an automatic renewal fee |
| 3 | for Celebrations Passport; (ii) whether the order flows through which Plaintiffs and |
| 4 | putative Class members navigated when they became enrolled in Celebrations |
| 5 | Passport provided "clear and conspicuous" notice (as defined at Cal. Bus. & Prof. |
| 6 | Code § 17601(c)) of the Celebrations Passport's autorenewal terms; (iii) the number |
| 7 | of customers who were charged for their initial Celebrations Passport purchase and |
| 8 | for Celebrations Passport renewals, the amount of such fees they were assessed, and |
| 9 | the manner by which customers were notified that the price of Celebrations Passport |
| 10 | would increase after the first year; (iv) whether Defendant provided notice between |
| 11 | 15 and 45 days before Celebrations Passport's autorenewal; (v) Defendant's |
| 12 | representations concerning the autorenewal of Celebrations Passport, how much |
| 13 | Celebrations Passport would cost, and how a customer could cancel Celebrations |
| 14 | Passport; (vi) the number of proposed Class Members and means to provide |
| 15 | adequate notice; and (vii) issues implicated by Defendant's forthcoming motion to |
| 16 | compel arbitration, to the extent necessary.  Plaintiff does not believe discovery |
| 17 | should be phased or limited and does not anticipate the need for any special |
| 18 | discovery orders at this time. |
| 19 | ▪ *Defendant* |
| 20 | 800-Flowers, Inc. will seek discovery establishing when and how each of the |
| 21 | plaintiffs purchased Celebrations Passport; what they saw when they purchased it; |
| 22 | whether they incurred any renewal charges; and whether they received the benefits |
| 23 | from Celebrations Passport.  800-Flowers, Inc. will seek discovery to test whether |
| 24 | the named plaintiffs are adequate class representatives.  800-Flowers, Inc. disagrees |
| 25 | that all of the discovery that plaintiffs claim they need is appropriate. |
| 26 | 800 Flowers Inc.  does not believe discovery should be phased or limited, and does |
| 27 | not anticipate the need for any special discovery orders, except that discovery should |
| 28 | not occur until its pending motion to compel arbitration is resolved.  Hence, as noted |

herein, 800-Flowers, Inc.'s pending motion seeks to stay the litigation pending the outcome of the arbitrations.

The parties jointly propose the following discovery schedule:

| Event | Proposed Date |
|---|---|
| Exchange of Rule 26(a) initial disclosures | January 25, 2024 |
| Fact Discovery Complete | October 18, 2024 |
| Expert Witness Disclosure by Party Bearing Burden of Proof | August 1, 2024 |
| Responsive Expert Disclosure | September 1, 2024 |
| Expert Discovery Complete | October 18, 2024 |

**(n) Settlement/Alternative Dispute Resolution (ADR)**

No meaningful settlement discussions have occurred to date. However, the parties are committed to exploring at the earliest practicable instance all avenues to resolve this matter. The parties' ADR preference is private mediation.

**(o) Trial Estimate**

- *Plaintiffs*

Plaintiffs anticipate a jury trial which will last four trial days. At this time Plaintiffs anticipate calling at least ten witnesses.

- *Defendant*

Defendant anticipates a jury trial which will last seven trial days. At this time Defendant anticipates calling at least ten witnesses.

**(p) Trial Counsel**

- *Plaintiffs*

Frank Hedin and Arun Ravindran of Hedin LLP.

- *Defendant*

Ari N. Rothman of Venable LLP.

**(q) Independent Expert or Master**

The parties do not anticipate the need for appointment of a master or independent expert at this time.

    **(r)**   **Schedule Worksheet**[1]

Attached hereto.

    **(s)**   **Other Issues**

None.

Dated: January 19, 2024     **HEDIN LLP**

By:   */s/ Frank S. Hedin*
Frank S. Hedin (SBN 291289)
fhedin@hedin.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: + 1 (305) 357-2107
Facsimile: + 1 (305) 200-8801
*Counsel for Plaintiff and the Putative Class*

Dated: January 19, 2024     **VENABLE LLP**

By:   */s/ Ari N. Rothman*
Ari N. Rothman (SBN 296568)
anrothman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: + 1 (310) 229-9909
Facsimile: + 1 (310) 229-9901
*Counsel for Defendant 800-Flowers, Inc.*

---

[1] Subject to Defendant's request for a stay of the case, the parties are in agreement on all dates.

| | |
|---|---|
| 1 | **Signature Certification** |
| 2 | Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative |
| 3 | Policies and Procedures Manual, I hereby certify that the content of this document |
| 4 | is acceptable to counsel for Defendant and that I have obtained authorization to |
| 5 | affix counsel's electronic signature to this document. |

Dated: January 19, 2024          By:   /s/ Frank S. Hedin
                                             Frank S. Hedin