| | |
|---|---|
| Frank S. Hedin (SBN 291289)<br>HEDIN LLP<br>1395 Brickell Avenue, Suite 1140<br>Miami, Florida 33134<br>Telephone: (305) 357-2107<br>Facsimile: (305) 200-8801<br>Email: fhedin@hedinllp.com<br><br>*Counsel for Plaintiffs and Putative Class* | |

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAYANCY PAIZ, LARISSA RAPADAS, TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, KIMBERY MOORE KELLER, KRISTA BAUMBACH, and LATRICIA ANDERSON THOMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE,<br><br>Defendant. | Case No.: 2:23-cv-07441-AB-PVC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO FILE SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: March 29, 2024<br>Action Filed: September 7, 2023<br>Trial Date: March 11, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 29, 2024 at 10:00 A.M. or as soon thereafter as the matter may be heard in courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, California, 90012, Plaintiffs Anayancy Paiz, Larissa Rapadas, Tessible "Skyler" Foster, Marie Scott, Kimberly Moore Keller, Krista Baumbach, and Latricia Anderson Thompson will and hereby do move the Court for an Order permitted the filing of the attached Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and the other legal authorities cited in the accompanying Memorandum of Points and Authorities.

This motion is made on the grounds that allowing the filing of the proposed Second Amended Complaint (**Exhibit A**) serves the goals of judicial efficiency as it moots Defendant's pending Motion to Compel Arbitration and Stay, and Dismiss (ECF No. 27) and because an amendment is otherwise permitted under Fed. R. Civ. P. 15(a)(2) and *Forman v. Davis*, 371 U.S. 178, 182 (1962).

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

*Local Rule 7-3 Compliance*. This motion is made following the conference of counsel pursuant to L.R. 7-3 which occurred on February 15, 2024, and February 16, 2024. Defendant advised it could not provide its position on the Motion at the time of filing.

Dated: February 16, 2024  **HEDIN LLP**
By: /s/ Frank S. Hedin
Frank S. Hedin
*Attorney for Plaintiff and the Putative Class*

1
MOTION TO FILE SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Anayancy Paiz, Larissa Rapadas, Tessible "Skyler" Foster, Marie Scott, Kimberly Moore Keller, Krista Baumbach, and Latricia Anderson Thompson seek leave to file the attached Second Amended Class Action Complaint and state as follows:

## I.  BACKGROUND OF THE ACTION

This is a putative class action which alleges Defendant 800-Flowers, Inc. ("Defendant") engaged in an illegal "automatic renewal" scheme with respect to its Celebrations Passport product which Defendant sells on its network of websites and through other channels including its telephone lines. Defendant is a retailer of flowers and gifts. Defendant's Celebrations Passport is a membership program that provides customers free shipping and no service fees for the first year at a cost of $19.99, which then automatically renews every year after the initial year at a cost of $29.99 plus tax (the "Automatic Renewal Fee") charged to the consumer's stored credit card, debit card or third-party payment account. Prior to assessing the Automatic Renewal Fees, Defendant not only failed to obtain Plaintiffs' and other California consumers' consent to be charged these fees – Defendant failed to even disclose the existence of the fee to them in a clear and conspicuous manner. By assessing the Automatic Renewal Fees to Plaintiffs and other California consumers without providing adequate notice or obtaining the requisite consent, Defendant violated California's Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq*.

## II.  THE OPERATIVE COMPLAINT AND DEFENDANT'S PENDING MOTION TO COMPEL ARBITRATION

Seven named Plaintiffs – Anayancy Paiz, Larissa Rapadas, Tessible "Skyler" Foster, Marie Scott, Kimberly Moore Keller, Krista Baumbach, and Latricia Anderson Thompson – filed the First Amended Complaint ("the operative

Complaint") (ECF No. 20) on December 5, 2023. On January 18, 2024 Defendant filed a Motion to Compel Arbitration and Stay Case and Motion to Dismiss (under Fed. R. Civ. P. 12(b)(1)) (hereinafter the "Motion to Compel") which sought to compel to arbitration five of the seven named Plaintiffs –Paiz, Rapadas, Keller, Thompson, and Scott. (ECF No. 27). Defendant Answered as to Plaintiffs Tessible "Skyler" Foster and Kimberly Baumbach whose claims were not subject to the Motion to Compel. (ECF No. 28).

Defendant submitted the Declaration of Alejandro Colman in support of the Motion to Compel. (ECF 27-1). The Colman declaration included excerpts of Defendant's records which purported to show that Plaintiffs **Paiz**, **Rapadas**, **Keller**, and **Thompson** purchased the Celebrations Passport product via Defendant's websites, provided the date and time of purchase, and indicated whether the purchase was made by desktop computer or by an entirely different looking mobile interface (which presented the terms and conditions in a much less conspicuous manner), and further, provided exemplar screen captures showing the checkout flow these customers allegedly would have encountered. (ECF No. 27-1). Based on the disclosures made in the checkout flow, Defendant contended that these customers were bound by Defendant's Terms and Conditions which required their claims be arbitrated. (ECF No. 27 at 8-13). As additional relief Defendant sought that the entire case be stayed pending the outcome of these arbitrations. (ECF No. 27 at 14-15). Separately, as to Plaintiffs **Moore** and **Keller**, Defendant asserted that based on a record review Plaintiffs Moore and Keller had not been charged an autorenewal fee and therefore lacked standing to bring their claims. (ECF No. 27 at 15-17).

As to Plaintiff **Scott**, Defendant averred that it had <u>no record</u> that she had purchased the Celebrations Passport via one of its websites. (ECF No. 27-1, ¶ 10). However, since the operative complaint alleged that Ms. Scott purchased Celebrations Passport via the 1-800-Flowers.com website in July 2020 (ECF No.

20, ¶ 14), Defendant contended in the Motion to Compel that Ms. Scott was nonetheless subject to arbitration just as were the other Plaintiffs who used a desktop computer to purchase Celebrations Passport. (ECF No. 27-1, ¶ 10). The Motion made this contention without: (a) any evidence from Defendant's records of Ms. Scott having actually bought Celebrations Passport via its website, (b) that Ms. Scott used a desktop computer rather than a mobile phone to make the purchase or (c) establishing that the mobile website interface presented in support of the motion, which was used in September 2022, was identical to how it appeared in July 2020, or that the mobile exemplar screen capture accurately reflected how mobile user would have seen the Terms and Conditions presented on a mobile phone screen. *See* ECF 27-1, ¶ 10.

### III.     THE PROPOSED SECOND AMENDED COMPLAINT

The parties conducted multiple meet and confer conferences regarding the substance of the pending Motion to Compel. Based on those conferrals Plaintiffs elected to file a Second Amended Complaint ("the proposed SAC"). The proposed SAC removes Plaintiffs Paiz, Rapadas, Keller, and Moore and brings claims only on behalf of Plaintiffs Tessible "Skyler" Foster and Krista Baumbach – who were not subject to the pending Motion to Compel anyway – Marie Scott, who Defendant has sought to compel to arbitration without any record establishing that she assented to Defendant's Terms and Conditions, and the putative class.

As a part of the Motion to Compel meet and confer process, counsel for Plaintiff proposed filing an amended complaint which, as does the proposed SAC, removed as Plaintiffs those individuals who Defendant's records established may be subject to arbitration, lacked standing, or both, and included facts which reflected that Defendant sold Celebrations Passport utilizing multiple channels. Plaintiffs later provided the attached proposed SAC to Defendant in advance of filing the instant Motion, but for timing reasons, were unable to obtain Defendant's position.

Apart from dismissing four of seven plaintiffs, the proposed SAC does two other things. First, it amends the factual allegations concerning how the three remaining Plaintiffs – Foster, Baumbach, and Scott – purchased Celebrations Passport. Based on facts learned though the Motion to Compel meet and confer process, the proposed SAC asserts that Defendant uses multiple channels to sell Celebrations Passport, including telephone lines. As to Plaintiff **Scott**, in the Motion to Compel Defendant has averred it has no record of her purchasing Celebrations Passport via the 800-Flowers website. **However, Defendant noted during the meet and confer process that its records indicate that Ms. Scott may have purchased Celebrations Passport by telephone line**. Though the Operative Complaint alleges that Ms. Scott purchased Celebrations Passport via the 1-800-Flowers.com her memory about this one-time consumer transaction in July 2020 may have been mistaken. As such, and based on Defendant's indication that Ms. Scott may have purchased Celebrations Passport by telephone line, the proposed SAC amends the allegations as to Ms. Scott and the two other Plaintiffs to allege only the fact of purchase of Celebrations Passport, the month of purchase, and from which of Defendant's brands each individual Plaintiff made her purchase.[1] The proposed SAC does not specify the means of purchase, e.g., via website, as does the Operative Complaint.

Further, and in this vein, the proposed SAC adds allegations which track the language of the ARL that impose requirements on autorenewal offers communicated by voice, *e.g.*, the type Plaintiff alleges Defendant would have communicated to customers who purchased Celebrations Passport via telephone

---

[1] Because the pending Motion to Compel did not address the claims of Plaintiffs Foster or Baumbach, Plaintiffs did not learn anything about what Defendant's records indicate as to these two Plaintiffs nor does Defendant's admit either Plaintiff's manner of purchase. (ECF No. ¶¶ 37-29; ¶¶ 46-49).

line. (Ex. A, ¶ 2, 3, 17, 47(b), 58(a)). The proposed SAC does not add any new Plaintiffs, Defendants, or any new claims.

### IV. ARGUMENT

The proposed SAC serves to streamline the case and furthers efficiency. Rather than the Court adjudicating the pending Motion to Compel, the proposed SAC simply removes from the complaint the individuals who Defendant's records indicate may be subject to arbitration or lack standing, pleads recently learned facts concerning how Defendant sells Celebrations Passport, and adds the ARL's corresponding requirements.

A Court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The Rule's purpose is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982). In light of the federal policy favoring the determination of cases on their merits, this policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

As the Supreme Court has explained, a motion to amend should be denied only for reasons *not* present here, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003). "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id*. (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)). *See also Lurschat v. General Bearing Corp.*, 2007 WL 2080302, at *2 (E.D. Mich. Jul. 19, 2007) ("[U]nless undue

6
MOTION TO FILE SECOND AMENDED COMPLAINT

prejudice to opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." (quoting *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973))).

First, Plaintiffs' proposed amendment will not cause any undue prejudice to Defendant. *See Foman*, 371 U.S. at 182. Plaintiffs are requesting the proposed amendment at the infancy of the case. The Court issued its scheduling order on February 1, 2024 setting trial over a year from now, March 11, 2024, and setting the deadline to hear motions to amend pleadings for April 26, 2024 . (ECF No. 34). No discovery has been undertaken to date. Defendant would not possibly suffer any prejudice from the proposed amendment under the circumstances. *See Lammey v. Airconditioning & Refrigeration Indus. Bldg. Corp.*, No. CV 20-491-DMG (AGRX), 2020 WL 5875014, at *2 (C.D. Cal. July 6, 2020) (permitting amendment of Complaint which was sought two months and half months before pleading amendment deadline); *Tibrio, LLC v. Flex Mktg., LLC*, No. 23CV1167-LL-BGS, 2023 WL 8358551, at *2 (S.D. Cal. Dec. 1, 2023) (granting leave to amend complaint noting, in part, that discovery had not yet commenced); *Smith v. Martorello*, 2022 WL 2705510, at *3 (D. Or. June 8, 2022) ("Moving to amend is not prejudicial when discovery has not closed, there is no pending trial date, and the case as a whole remains in its early stages.") (citation and internal quotations omitted); *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (finding "no reason to deny Plaintiff leave to amend [where] [f]irst, Plaintiff did not delay in filing—discovery ha[d] not begun, and there [was] no scheduling order in place"); *see also, e.g., Cutsinger v. Humphrey*, 2015 WL 6750786, at *2 (E.D. Mich. Nov. 5, 2015) (explaining that, even where amendment is sought *after the close of discovery*, "the close of discovery has not been in itself enough to demonstrate prejudice"); *Zoe Mktg., Inc. v. Impressons, LLC*, No. 14CV1881 AJB (WVG), 2015 WL 12216340, at *2 (S.D. Cal. Apr. 9, 2015) ("[U]ndue delay will

7
MOTION TO FILE SECOND AMENDED COMPLAINT

not result from granting Defendant leave to amend given that the case remains in the early stages of discovery.")

Here, the proposed SAC is based on facts learned through the meet and confer process, namely that Defendant markets Celebrations Passport through channels beyond its websites. Defendant cannot reasonably claim that the proposed amendment would substantially prejudice it given that the case has only recently gotten underway, discovery has not yet been exchanged, and any trial of this action is over one year away. *See Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of leave to amend because proposed amendment included additional causes of action which would have required further discovery when discovery closed five days after filing motion for leave to amend); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend when "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

Nor is the proposed amendment futile. *See Foman*, 371 U.S. at 182. Far from it, in fact, the proposed amendment fully moots Defendant's Motion to Compel and streamlines the case entirely by removing Plaintiffs and narrowing the scope of discovery. *See Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 3579164, at *3 (D. Ariz. June 30, 2020) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) and granting Rule 15(a)(2) amendment based on the fact that the proposed amendment "further[s] judicial efficiency"); *Horn v. Kraft Heinz Foods Co. LLC*, No. 121CV01258JLTBAM, 2024 WL 281255, at *2 (E.D. Cal. Jan. 25, 2024) (permitting Rule 15(a)(2) amendment noting "the Court recognizes that the proposed amendment seeks to eliminate claims, which will promote the interests of

justice and efficiency."). The proposed amendment seeks to add allegations which reflect Defendant's sales practices recently learned about through the meet and confer process and to add the statutory provisions of the ARL which impose requirements based on those particular sales practices, *e.g.*, the sale of Celebrations Passport over the phone and conveying of an autorenewal offer by voice.

Finally, the instant motion is not the product of any "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed[.]" *See Foman*, 371 U.S. at 182. Plaintiffs' previous amended Complaint sought to add new Representative Plaintiffs based on an ongoing investigation into the potential claims of other 800-Flowers customers. The instant amendment is based on information the undersigned learned through a thorough meet and confer process with Defendant's counsel, namely that Defendant sells Celebrations Passport using multiple channels. *See Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017) ("parties may move to amend to "clarify and amplify" the allegations in their complaint in light of facts learned during discovery and arguments made by the opposition."); *Maxum Enterprises LLC v. Auto. Fleet Enterprises, Inc.*, No. 3:18-CV-0687-B, 2019 WL 13156969, at *2 (N.D. Tex. Apr. 10, 2019) ("the Court finds that granting leave [to amend] serves the interests of justice by allowing the Court to efficiently adjudicate the parties' claims fully informed of new relevant facts revealed through discovery").

The instant motion is brought in advance of the March 8, 2024 hearing on the Motion to Compel with the aim of conserving judicial and party resources. As a part of the meet and confer process related to the Motion to Compel, counsel for Plaintiff proposed filing an amended complaint which, as does the proposed SAC, removed as Plaintiffs those individuals who Defendant's records established may be subject to arbitration, lacked standing, or both, and included facts which reflected that

Defendant sold Celebrations Passport utilizing multiple channels. Plaintiffs provided the proposed SAC to Defendant in advance of filing the instant Motion, but for timing reasons, were unable to obtain Defendant's position. But by any reasonable measure, Plaintiffs were diligent, not dilatory, and acted with expediency, not undue delay, in seeking the proposed amendment. Plaintiffs should be granted leave to file the Proposed SAC pursuant to Rule 15(a)(2).

## V. CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated: February 16, 2024          Respectfully Submitted,

**HEDIN LLP**

By:   */s/ Frank S. Hedin*

Frank S. Hedin (SBN 291289)
fhedin@hedinllp.com
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*Counsel for Plaintiffs and Putative Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2024, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

By: */s/ Frank S. Hedin*
Frank S. Hedin