**VENABLE LLP**
Ari N. Rothman (SBN 296568)
 anrothman@venable.com
Allison C. Nelson (SBN 319321)
 acnelson@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
800-FLOWERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, and KRISTA BAUMBACH,<br><br>Plaintiffs,<br><br>v.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE<br><br>Defendant. | Case No. 23-cv-07441-AB-PVC<br><br>Hon. André Birotte Jr.<br>Courtroom 7B<br><br>**DEFENDANT 800-FLOWERS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[*Filed Concurrently with Notice of Motion and Motion to Compel Arbitration and Stay Case, or Alternatively, to Dismiss for Lack of Standing, or to Strike Class Claims and [Proposed] Order*]<br><br>Action Filed:  September 7, 2023<br>Trial Date:      March 11, 2025 |

1	Defendant 800-Flowers, Inc. ("800-Flowers") submits this answer to plaintiffs' second amended class action complaint only as to the claim brought by plaintiff Tessible "Skyler" Foster. The claim brought by plaintiff Krista Baumbach is subject to dismissal, and plaintiff Marie Scott and Baumbach agreed to arbitration and waived their rights to pursue class claims. Thus, 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, a motion to dismiss for lack of standing, or to strike class claims, reserves all rights to seek the relief requested in that motion, and does not by filing this answer waive any rights to seek the relief requested in that motion including to compel arbitration.

\*\*.	In response to the first unnumbered paragraph of the second amended complaint, 800-Flowers denies all allegations of wrongdoing, denies that it violated any law, denies that any relief requested by the second amended complaint is warranted, and denies that the Court can or should certify any class.

1.	Denies, except that 800-Flowers admits only that it is an online retailer of flowers and gifts, and that Celebrations Passport is an annual membership that can be purchased by customers to obtain free shipping and no service fees for eligible products, which then automatically renews every year after the initial year at a cost.

2.	Denies, except that 800-Flowers admits only that the ARL sets forth requirements for consumer transactions subject to the statute.

3.	Denies.

4.	Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she seeks to represent. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

5.	Denies, except that 800-Flowers admits only that Foster purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. 800-Flowers denies that Foster or any member of any putative class is entitled to relief

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

6. Denies, except that 800-Flowers admits only that it currently does not contest that the Court has subject matter jurisdiction only over Foster's claim. 800-Flowers reserves all rights to object to the Court's subject matter jurisdiction as circumstances warrant.

7. Denies, except that 800-Flowers does not currently contest that this Court has personal jurisdiction over 800-Flowers for purposes of this action only as to Foster's claim.

8. 800-Flowers lacks knowledge or information sufficient to form a belief as to the truth of the allegations except that 800-Flowers admits only that its records reflect that someone identifying herself as Tessible Foster purchased at least one product from 800-Flowers and Celebrations Passport.

9. 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, to strike class claims as to Scott, and therefore does not answer the second amended complaint with respect to her. 800-Flowers reserves all rights to answer the second amended complaint and raise all affirmative defenses as to Scott if the Court denies the pending motion.

10. 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, to dismiss Baumbach's claim or to strike her class claims and therefore does not answer the second amended complaint with respect to her. 800-Flowers reserves all rights to answer the second amended complaint and raise all affirmative defenses as to Baumbach if the Court denies the pending motion.

11. Admits.

12. Denies, except that 800-Flowers admits only that the California Legislature passed the ARL in 2009, and that this paragraph purports to quote a portion of Business and Professions Code section 17600 but does not do so correctly.

13. Denies, except that 800-Flowers admits only that this paragraph purports to quote bill analysis of S.B. 340.

14. Denies, except that 800-Flowers admits only that this paragraph purports to quote Business and Professions Code section 17601(a) but does not do so correctly.

15. Denies, except that 800-Flowers admits only that this paragraph purports to quote Business and Professions Code section 17601(b).

16. Denies, except that 800-Flowers admits only that this paragraph purports to quote Business and Professions Code section 17601(c).

17. Denies, except that 800-Flowers admits only that this paragraph purports to quote Business and Professions Code section 17601(a)(1) and (2).

18. Denies, except that 800-Flowers admits only that this paragraph purports to paraphrase Business and Professions Code section 17601(b)(2).

19. Denies, except that 800-Flowers admits only that it operates multiple consumer brands including 1-800-Flowers.com, Harry & David, Personalization Mall, Shari's Berries, 1-800-Baskets.com, Simply Chocolate, Fruit Bouquets.com, Cheryl's Cookies, the Popcorn Factory, Wolferman's Bakery, and Vital Choice, and that these brands offer products in various categories such as flowers, gift baskets, cookies, healthy snacks, and fruit arrangements.

20. Denies, except that 800-Flowers admits only that it may provide qualified customers free shipping and allow such customers to avoid service fees for one year for eligible orders made on Defendant's various websites.

21. Denies, except that 800-Flowers admits only that it offers Celebrations Passport.

22. Denies, except that 800-Flowers admits only that it advertises Celebrations Passport to consumers.

23. Denies, except that 800-Flowers admits only that Business and Professions Code sections 17601(c) and 17602(a)(2) set forth requirements for consumer transactions subject to the statutes.

24. Denies.

25. Denies.

26. Denies.

27. Denies, except that 800-Flowers admits only that its records reflect that someone identifying herself as Tessible Foster purchased Celebrations Passport in April 2021.

28. Denies, except that 800-Flowers admits only that its records reflect that someone identifying herself as Tessible Foster purchased Celebrations Passport in April 2021.

29. Denies, except that 800-Flowers admits only that its records reflect that someone identifying herself as Tessible Foster purchased Celebrations Passport in April 2021, and that she was charged two times for Celebrations Passport after her initial purchase of Celebrations Passport.

30. 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, to strike class claims as to Scott, and therefore does not answer the second amended complaint with respect to her. 800-Flowers reserves all rights to answer the second amended complaint and raise all affirmative defenses as to Scott if the Court denies the pending motion.

31. 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, to strike class claims as to Scott, and therefore does not answer the second amended complaint with respect to her. 800-Flowers reserves all rights to answer the second amended complaint and raise all affirmative defenses as to Scott if the Court denies the pending motion.

32. 800-Flowers contemporaneously files herewith a motion to compel arbitration, or alternatively, to strike class claims as to Scott, and therefore does not

1  answer the second amended complaint with respect to her. 800-Flowers reserves all
2  rights to answer the second amended complaint and raise all affirmative defenses as
3  to Scott if the Court denies the pending motion.

4      33.    800-Flowers contemporaneously files herewith a motion to compel
5  arbitration, or alternatively, to dismiss Baumbach's claim or strike her class claims
6  and therefore does not answer the second amended complaint with respect to her.
7  800-Flowers reserves all rights to answer the second amended complaint and raise
8  all affirmative defenses as to Baumbach if the Court denies the pending motion.

9      34.    800-Flowers contemporaneously files herewith a motion to compel
10 arbitration, or alternatively, to dismiss Baumbach's claim or strike her class claims
11 and therefore does not answer the second amended complaint with respect to her.
12 800-Flowers reserves all rights to answer the second amended complaint and raise
13 all affirmative defenses as to Baumbach if the Court denies the pending motion.

14     35.    800-Flowers contemporaneously files herewith a motion to compel
15 arbitration, or alternatively, to dismiss Baumbach's claim or strike her class claims
16 and therefore does not answer the second amended complaint with respect to her.
17 800-Flowers reserves all rights to answer the second amended complaint and raise
18 all affirmative defenses as to Baumbach if the Court denies the pending motion.

19     36.    Denies.
20     37.    Denies.
21     38.    Denies.
22     39.    Denies.
23     40.    Denies.
24     41.    Denies, except that 800-Flowers admits only that Foster purports to
25 bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. 800-
26 Flowers denies that Foster or any member of any putative class is entitled to relief
27 by reason of the allegations in the second amended complaint and denies that the
28 Court can or should certify any class.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    42.    Denies, except that 800-Flowers admits only that Foster purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

43.    Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she claims to represent. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

44.    Denies, except that 800-Flowers admits only that Foster purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

45.    Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she claims to represent. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

46.    Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she claims to represent. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

47.    Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she claims to represent. 800-Flowers denies that Foster or any member of any putative class is

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1  entitled to relief by reason of the allegations in the second amended complaint and
2  denies that the Court can or should certify any class.

3       48.    Denies, except that 800-Flowers admits only that Foster purports to
4  bring this action individually and on behalf of a putative class she claims to
5  represent.  800-Flowers denies that Foster or any member of any putative class is
6  entitled to relief by reason of the allegations in the second amended complaint and
7  denies that the Court can or should certify any class.

8       49.    Denies, except that 800-Flowers admits only that Foster purports to
9  bring this action individually and on behalf of a putative class she claims to
10 represent.  800-Flowers denies that Foster or any member of any putative class is
11 entitled to relief by reason of the allegations in the second amended complaint and
12 denies that the Court can or should certify any class.

13      50.    Denies, except that 800-Flowers admits only that Foster purports to
14 bring this action individually and on behalf of a putative class she claims to
15 represent.  800-Flowers denies that Foster or any member of any putative class is
16 entitled to relief by reason of the allegations in the second amended complaint and
17 denies that the Court can or should certify any class.

18      51.    Denies, except that 800-Flowers admits only that Foster purports to
19 bring this action individually and on behalf of a putative class she claims to
20 represent.  800-Flowers denies that Foster or any member of any putative class is
21 entitled to relief by reason of the allegations in the second amended complaint and
22 denies that the Court can or should certify any class.

23      52.    Denies, except that 800-Flowers admits only that Foster purports to
24 bring this action individually and on behalf of a putative class she claims to
25 represent.  800-Flowers denies that Foster or any member of any putative class is
26 entitled to relief by reason of the allegations in the second amended complaint and
27 denies that the Court can or should certify any class.

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    53.   Denies, except that 800-Flowers admits only that Foster purports to bring the claim set forth in the second amended complaint. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

54.   800-Flowers incorporates by reference its responses to the preceding paragraphs of the second amended complaint.

55.   Denies, except that 800-Flowers admits only that Foster purports to bring this action individually and on behalf of a putative class she claims to represent. 800-Flowers denies that Foster or any member of any putative class is entitled to relief by reason of the allegations in the second amended complaint and denies that the Court can or should certify any class.

56.   Denies, except that 800-Flowers admits only that the UCL sets forth requirements for consumer transactions subject to the statute.

57.   Denies, except that 800-Flowers admits only that the UCL sets forth requirements for consumer transactions subject to the statute.

58.   Denies.

59.   Denies, except that 800-Flowers admits only that the UCL sets forth requirements for consumer transactions subject to the statute.

60.   Denies.

61.   Denies.

62.   Denies.

63.   Denies.

64.   Denies.

65.   Denies.

66.   Denies.

67.   Denies as to Foster and putative class members. 800-Flowers contemporaneously files herewith a motion to compel arbitration and stay case, or

1  alternatively, to dismiss for lack of standing, or to strike class claims as to Baumbach
2  and a motion to compel arbitration and stay case, or alternatively, to strike class
3  claims as to Scott.

4     **.   In response to the unnumbered section entitled "Prayer for Relief," 800-
5  Flowers denies that Foster or any member of any putative class is entitled to relief
6  by reason of the allegations in the second amended class action complaint and denies
7  that the Court can or should certify any class.  800-Flowers complied with the
8  provisions of California Business & Professions Code §§ 17601 *et seq.* in good faith.
9  800-Flowers therefore is not subject to civil remedies per California Business &
10 Professions Code §17604(b).

## AFFIRMATIVE DEFENSES

12    800-Flowers' affirmative defenses set forth herein are based solely on plaintiff
13 Foster's allegations in the second amended complaint.  800-Flowers asserts the
14 affirmative defenses set forth below, each as separate and distinct affirmative
15 defenses to the second amended complaint's alleged causes of action.  Insofar as any
16 of the following expresses denial of an element of any claim alleged against 800-
17 Flowers or states a mere defense, that denial or mere defense does not indicate that
18 plaintiff Foster is relieved of her burden to prove each and every element of any such
19 claim or that 800-Flowers assumed any burden of proof.  800-Flowers hereby gives
20 notice that it intends to rely upon such other and further defenses as may become
21 available or apparent during, for example, pre-trial proceedings in this case, and
22 hereby reserves the right to amend this answer and offer or assert additional
23 affirmative defenses that cannot now be articulated because, among other reasons,
24 800-Flowers has not completed discovery.

25    1.   The second amended complaint, and each claim for relief therein, fail
26 to state a claim upon which relief can be granted.

27    2.   Some, or all, of the putative class members lack standing under Article
28 III of the United States Constitution and statutory standing under the UCL including

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

because, among other reasons, they did not incur any automatic renewal charge as alleged in the second amended complaint and thus did not suffer any injury traceable to any conduct of 800-Flowers.

3. Some, or all, of the putative class members, lack standing as non-residents of California.

4. Some, or all, of the putative class members agreed to arbitrate their claims.

5. Some, or all, of the putative class members waived their right to bring class claims.

6. 800-Flowers complied with the provisions of California Business & Professions Code §§ 17600 *et seq.* in good faith. 800-Flowers therefore is not subject to civil remedies per California Business & Professions Code §17604(b).

7. Plaintiff Foster and some, or all, of the putative class members are barred from recovering against 800-Flowers because of the voluntary payment doctrine.

8. The second amended complaint, and each claim for injunctive relief, is barred in whole or in part to the extent there is an adequate remedy at law.

9. The second amended complaint, and each claim for injunctive relief therein, is barred in whole or in part because the alleged wrongful conduct, if any (800-Flowers contends there was none) is discontinued and not likely to recur.

10. The second amended complaint, and each claim for relief therein, is barred because the statutes under which the complaint is brought are unconstitutional to the extent they are applied in a manner that violates any constitutional protection, including the excessive fines clause of the Takings Clause and the Eighth Amendment to the United States Constitution.

## **RESERVATION OF RIGHTS**

800-Flowers hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial

proceedings in this case, and hereby reserves the rights to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, 800-Flowers has not completed discovery.

WHEREFORE, 800-Flowers prays that:

A. Judgment be rendered in favor of 800-Flowers and against plaintiff Foster with respect to all counts and causes of action in the second amended class action complaint;

B. The above-entitled action be dismissed in its entirety with prejudice;

C. Plaintiff Foster and putative class members take nothing by reason of their complaint;

D. 800-Flowers be granted its costs, and reasonable attorneys' fees to the extent allowed by law, incurred in connection with this lawsuit; and

E. For such other relief in 800-Flowers' favor as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, 800-Flowers demands a trial by jury on all issues so triable.

Dated: May 10, 2024

VENABLE LLP

By: Ari N. Rothman
Allison C. Nelson
*Attorneys for Defendant*
800-FLOWERS, INC.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

-11-

Case No. 23-cv-07441-AB-PVC

DEFENDANT 800-FLOWERS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT