Frank S. Hedin (SBN 291289)
HEDIN LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33134
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

*Counsel for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, and KRISTA BAUMBACH, <br><br><br>             Plaintiffs, <br><br> v. <br><br> 800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, and VITAL CHOICE, <br><br>             Defendant. | Case No.: 2:23-cv-07441-AB-PVC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONTINUE HEARING DATE FOR HEARING ON DEFENDANT'S MOTION TO COMPEL ARTIBRATION AND TO PERMIT LIMITED DISCOVERY** <br><br><br> Hearing Date: June 28, 2024 <br> Action Filed: September 7, 2023 <br> Trial Date:   March 11, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 28, 2024, at 10:00 A.M. or as soon thereafter as the matter may be heard in courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, California, 90012, Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach hereby do move the Court for an Order continuing the hearing on Defendant's Motion to Compel Arbitration (ECF No. 46) to August 9, 2024.

This motion is made on the grounds that Plaintiffs intend to file a written opposition to Defendant's motion and require additional time to conduct discovery into the factual basis for Defendant's Motion to Compel Plaintiffs Marie Scott and Krista Baumbach to arbitration.

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

***Local Rule 7-3 Compliance***. This motion is made following the conference of counsel pursuant to L.R. 7-3, which occurred by email on May 8, 2024 and thereafter as set forth in Exhibit A hereto, and by telephone conference on May 24, 2024. Defendant advised it opposes the relief sought by the motion but indicated that should the Court grant the motion, Defendant's view is that the case management schedule should be similarly amended.

Dated: May 28, 2024

**HEDIN LLP**
By: /s/ Frank S. Hedin
Frank S. Hedin
*Attorney for Plaintiffs and the Putative Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach, hereby move for a sixty-day continuance of the hearing on Defendant's Motion to Compel Arbitration under L.R. 7-11 and state as follows:

## I. <u>BACKGROUND OF THE ACTION</u>

This is a putative class action that alleges Defendant 800-Flowers, Inc. ("Defendant") engaged in an illegal "automatic renewal" scheme with respect to its Celebrations Passport product that Defendant sells on its network of websites and through other channels including its telephone lines. Defendant is a retailer of flowers and gifts. Defendant's Celebrations Passport is a membership program that provides customers free shipping and no service fees for the first year at a cost of $19.99, which then automatically renews every year after the initial year at a cost of $29.99 plus tax (the "Automatic Renewal Fee") charged to the consumer's stored credit card, debit card or third-party payment account. Prior to assessing the Automatic Renewal Fees, Defendant not only failed to obtain Plaintiffs' and other California consumers' consent to be charged these fees – Defendant failed to even disclose the existence of the fee to them in a clear and conspicuous manner. By assessing the Automatic Renewal Fees to Plaintiffs and other California consumers without providing adequate notice or obtaining the requisite consent, Defendant violated California's Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq*.

## II. <u>DEFENDANT'S MOTION TO COMPEL ARBITRATION</u>

On May 10, 2024, Defendant moved to compel Plaintiffs Marie Scott and Krista Baumbach to arbitration, moved to dismiss Plaintiff Baumbach for lack of standing, and to strike the class claims as to both. (ECF No. 46, hereinafter "the

Motion").[1]  Contemporaneously with filing the Motion, Defendant filed an answer as to Plaintiff Tessible "Skyler" Walker.  (ECF No. 47).

Defendant seeks to compel Plaintiffs Scott and Baumbach to arbitration claiming Ms. Scott and Ms. Baumbach agreed to arbitrate disputes with Defendant by agreeing to the Celebrations Passport program's Terms and Conditions, which contain an arbitration provision.  As to Plaintiff Scott, Defendant alleges in the Declaration of Michelle Bloise ("the Bloise Declaration") submitted in support of the Motion to Compel Arbitration, that Defendant's records show Ms. Scott called 800-Flowers' call center on July 27, 2020, to purchase a product and at the same time also purchased Celebrations Passport.  (ECF No. 46-2).  The Bloise Declaration further states that Defendant's customer service notes reflect that the next day Plaintiff Scott called back to complain that she had been charged the cost of shipping despite having purchasing Defendant's Celebrations Passport product the day before.  (*Id*.).

The Bloise Declaration asserts that Defendant's call center agents routinely read a script containing Celebration's Passport's terms and conditions and which stated that customers would thereafter receive an email which contained a link to the full terms and conditions.  (ECF 46-2, ¶ 5).  The Bloise Declaration continues that Defendant sent Ms. Scott an email containing the Celebrations Passport program's Terms and Conditions on July 29, 2020, and that its records show the email was opened several times between July 29, 2020 and February 6, 2024.  (*Id*., ¶ 8).  Importantly, the Motion does not contain evidence of a recording of Ms. Scott's call to Defendant on July 27, 2020, nor does it attach the actual email that

---

[1] In January 2024 Defendant has moved to compel Plaintiff Scott to arbitration (ECF No. 27) but stipulated to an amendment of the Complaint which modified the allegations as to Plaintiff Scott and mooted the Motion.  (ECF No. 42).  Defendant did not move to compel Plaintiff Baumbach to arbitration when it previously moved to compel Plaintiff Scott to arbitration and does not explain why it moves to compel Plaintiff Baumbach to arbitration now instead of earlier when it moved to compel to arbitration Plaintiff Scott and four others.  (ECF No. 27)

Defendant allegedly sent to Ms. Scott containing the Celebrations Passport Terms and Conditions.

As to Plaintiff Baumbach, Defendant asserts that Ms. Baumbach assented to arbitration through purchasing Celebrations Passport via Defendant's affiliate's HarryandDavid.com mobile website, wherein the program's terms and conditions are linked. (ECF No. 46-2, ¶ 5). The Bloise Declaration states that Ms. Baumbach made her purchase on February 1, 2022, on a "mobile device" and provides an exemplar screen shot of an order screen. The exemplar does not specify the type of mobile device from which the Bloise declaration screenshot was obtained, nor does it provide any information about what Defendant's records show concerning the mobile device Ms. Baumbach used to make her purchase.[2]

### III.   PLAINTIFFS ARE ENTITLED TO AND SEEK TO TAKE DISCOVERY ON ISSUES RELEVANT TO THE MOTION TO COMPEL ARBITRATION IN ADVANCE OF FILING THEIR OPPOSITION

Defendant's Motion to Compel to Arbitration asserts the existence of arbitration agreements formed in two different ways. The first, which applies to Ms. Scott, is an oral agreement purportedly made over the phone when a sales agent read Ms. Scott a script containing Celebrations Passport's terms and conditions. The second, the purported agreement between Defendant and Ms. Baumbach, was created during Ms. Baumbach's purchase of Celebrations Passport via Defendant's affiliate's mobile website.

Under California law, a contract's proponent has the burden to establish its existence. *Carizona Properties v. FRI-M LLC*, No. 22CV02430, 2023 WL

---

[2] In the Declaration of Alejandro Colman filed in support of an earlier Motion to Compel Arbitration Defendant provided business records showing the customer had purchased products using an Android mobile device. (ECF No. 27-1, ¶14).

9375024, at *3 (Cal. Super. Dec. 06, 2023). The formation of each of these agreements is at issue in the Motion. *See Camping Constr. Co. v. District Council of Iron Workers, Local 378,* 915 F.2d 1333, 1340 (9th Cir. 1990); *cf. Van Ness Townhouses v. Mar Indus. Corp.*, 872 F.2d 754, 756 (9th Cir. 1988) (threshold issue in deciding a motion to compel arbitration is whether the parties agreed to arbitrate); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) (arbitration can be compelled "[o]nly when there is no genuine issue of fact concerning the formation of the agreement."). Plaintiffs seek to take limited discovery on the issues salient to formation of the two purported arbitration agreements.

"The FAA provides for discovery in connection with a motion to compel arbitration if 'the making of the arbitration agreement . . . be in issue.'" *Sonico v. Charter Communs.*, LLC, No. 19-cv-01842-BAS-LL, 2020 U.S. Dist. LEXIS 68851, at *16 (S.D. Cal. Apr. 20, 2020) (quoting *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999)); *see also O'Brien v. Am. Express Co.*, No. 11-CV-1822-BTM (BGS), 2012 U.S. Dist. LEXIS 64553, at *3 (S.D. Cal. May 8, 2012) (granting expedited discovery into formation of arbitration agreement); *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164 (S.D. Cal. 2011) (permitting limited discovery on the issue of unconscionability of arbitration agreement); *Coneff v. AT & T Corp.*, No. C06-0944RSM, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (permitting discovery "into the circumstances surrounding the making of the customers' wireless service agreements, which may be relevant to plaintiffs' response to the motion [to compel arbitration]"); *Alzaidi v. U-Haul Co. of Kansas*, No. 09-2293-CM, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009) (denying pending motion to compel arbitration without prejudice and permitting limited discovery on the issue of formation of arbitration agreement); *see also Newbill v. CVS Caremark, LLC*, 683 F. Supp. 3d 1004, 1008 (D. Ariz.

2023) (adjudication of motion to compel arbitration is the same standard as motion for summary judgment and considers relevant record evidence); *Flores v. Point Pickup Techs., Inc.*, No. 122CV00193JLTSKO, 2023 WL 8295943, at *2 (E.D. Cal. Dec. 1, 2023)citing *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022) and *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) ("Under the plain language of the FAA, in response to a motion to compel arbitration, the district court must apply the summary judgment standard outlined in Federal Rule of Civil Procedure 56.").

Plaintiffs have served discovery requests on precisely these topics on May 24, 2024. As to Plaintiff Scott, Plaintiffs seek to obtain the recording of Ms. Scott's call to Defendant's call center wherein, as described in the Bloise Declaration, she allegedly assented to the Celebrations Passport Terms and Conditions after she was read the terms and conditions. To be sure, Plaintiff sought the recording from Defendant at the outset during the L.R. 7.3 conferral on the Motion. (Ex. A). At that time, Defendant did not deny the recording existed but stated it had not been located and "if it [was] found and sent to [Defendant's counsel]" then Defendant's counsel would "let [Plaintiff's counsel] know." (*Id.*) When Plaintiff followed up on Defendant's recording retention policies, Defendant's counsel only stated the inquiry was "not relevant to [the] [M]otion." (*Id.*) To the contrary, the recording is relevant as it establishes the existence of the agreement to arbitrate and, if it has been destroyed, the facts and circumstances of its destruction are also relevant. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) ("a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case.").

As to Ms. Baumbach, Plaintiff seeks information concerning how Defendant's HarryandDavid.com mobile application would have appeared to individuals using the specific mobile device used by Ms. Baumbach to purchase Celebration's Passport. The Bloise Declaration includes a screenshot

"representative of the screens presented to Baumbach" but fails to explain whether the linked terms and conditions would necessarily be seen by an individual who pressed "Place Order" or whether, because of the device's display dimensions, the hyperlinked terms and conditions would not have been displayed to an individual using the same device as Ms. Baumbach. Courts should not "presume that a person who clicks on a box that appears on a computer screen has notice of all contents not only of that page but of other content that requires further action (scrolling, following a link, etc.) Indeed, a person using the Internet may not realize that she is agreeing to a contract at all, whereas a reasonable person signing a physical contract will rarely be unaware of that fact." *Sgouros v. TransUnion Corp*, 817 F.3d 1029, 1034-35 (7th Cir. 2016). The enforceability of online contracts routinely turns on what a site user would have seen when they encountered the site and made purchases from it. *See e.g., Specht v. Netscape Commc'ns Corp.,* 306 F.3d 17 (2d Cir. 2002) (rejecting bid to enforce terms against a consumer who clicked submission button on "a submerged screen," because "there is no reason to assume that viewers will scroll down to subsequent screens simply because screens are there"); *Sgouros v. TransUnion Corp.,* No. 14 C 1850, 2015 WL 507584, at *6-7 (N.D. Ill. Feb. 5, 2015) ("It is unreasonable to expect users to scroll down the Window when they are not aware of a possibility of being bound by the terms in the Window."); *c.f., e.g., Feldman v. Google, Inc.,* 513 F.Supp.2d 229, 236 (E.D. Pa. 2007) (upholding clickwrap agreement where users did not need to scroll to see terms and there was "a prominent admonition in boldface to read the terms"). Plaintiff is entitled to and seeks discovery relevant to the screen capture which Defendant asserts is "representative of the screens presented" to Ms. Baumbach.

## V. CONCLUSION

For the foregoing reasons, the Motion should be granted. The hearing date on Defendant's Motion to Compel Arbitration (ECF No. 46) should be postponed

and rescheduled to August 9, 2024, so that Plaintiffs may take discovery as set forth above.

Dated: May 28, 2024                    Respectfully Submitted,


                                       **HEDIN LLP**

                                       By:   _/s/ Frank S. Hedin_

                                       Frank S. Hedin (SBN 291289)
                                       fhedin@hedinllp.com
                                       **HEDIN LLP**
                                       1395 Brickell Avenue, Suite 1140
                                       Miami, Florida 33131
                                       Telephone: (305) 357-2107
                                       Facsimile:  (305) 200-8801

                                       *Counsel for Plaintiffs and Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2024, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

By: _/s/ Frank S. Hedin_
Frank S. Hedin