Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*Counsel for Plaintiffs and the Putative Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, and KRISTA BAUMBACH,<br><br>PLAINTIFFS,<br><br>V.<br><br>800-FLOWERS, INC., D/B/A 1-800-FLOWERS.COM, HARRY & DAVID, PERSONALIZATION MALL, SHARI'S BERRIES, 1-800-BASKETS.COM, SIMPLY CHOCOLATE, FRUIT BOUQUETS.COM, CHERYL'S COOKIES, THE POPCORN FACTORY, WOLFERMAN'S BAKERY, AND VITAL CHOICE,<br><br>DEFENDANT. | Case No.: 2:23-cv-07441-AB-PVC<br><br>Hon. André Birotte Jr.<br>Courtroom 7B<br><br>**STIPULATION FOR EXTENSION OF CASE DEADLINES TO ACCOMMODATE MOTION TO COMPEL HEARING AND FACILITATE MEDIATION**<br><br>Action Filed: September 7, 2023<br><br>Next Hearing Date: August 9, 2024<br><br>Trial Date: March 11, 2025 |

# **STIPULATION**

For good cause shown herein, and per this Court's March 15, 2024, standing order encouraging the parties to file a stipulation if a pending motion would meaningfully impact trial preparation, and subject to this Court's approval, plaintiffs and defendant 800-Flowers, Inc., by and through their undersigned counsel of record, hereby stipulate to: (1) extend by 90 days all deadlines related to 800-Flowers' motion to compel arbitration and stay case, or alternatively, to dismiss for lack of standing, or to strike class claims ("Motion to Compel Arbitration") (ECF No. 46), including those set forth in the Court's order at ECF No. 51; and (2) extend all other remaining deadlines by 180 days, including those set forth in the Court's orders at ECF Nos. 34 and 37.

WHEREAS, in its orders dated February 1, 2024, and February 9, 2024, the Court set a deadline of August 1, 2024, for the parties to complete their initial expert disclosures, a deadline of September 1, 2024, for the parties to complete their rebuttal expert disclosures, and a deadline of September 1, 2024, for plaintiffs to file their motion for class certification (ECF Nos. 34, 37);

WHEREAS, the Court's ruling on the Motion to Compel Arbitration will determine whether two of the three remaining plaintiffs will arbitrate their claims (or be dismissed in the case of Krista Baumbach), what facts will govern the litigation including those affecting class certification and trial, and whether this Court will stay the litigation pending the arbitrations;

WHEREAS, however, the Court via order filed at ECF No. 51 reset the hearing on the Motion to Compel Arbitration to occur on August 9, 2024 (***after*** expert disclosures are due and just a couple of weeks before the class certification motion and rebuttal expert deadlines), with plaintiffs' opposition due on July 12, 2024, and 800-Flowers' reply due July 26, 2024;

WHEREAS, without a ruling on the Motion to Compel Arbitration, the parties

will not know which plaintiffs will remain in the litigation, which facts will govern, or whether the Court will stay the litigation pending completion of the arbitrations, yet currently will need to complete expert disclosures and respond to pending discovery requests without the needed information that would flow from a ruling on the Motion to Compel Arbitration;

WHEREAS, over multiple telephone conferences to meet and confer regarding the motion to compel arbitration, the parties started discussing settlement of the action;

WHEREAS, settlement discussions have substantially progressed to include an agreement to mediate on or before September 1, 2024, firm commitments to exchange relevant pre-mediation discovery, and possible settlement frameworks;

WHEREAS, the parties believe that, with a mediator's involvement and the good faith exchange of pertinent information prior to the mediation, the matter may be settled without the additional time and expense of briefing and litigating the pending Motion to Compel Arbitration, engaging in full discovery, or briefing class certification;

WHEREAS, the parties believe that adjourning the hearing on the Motion to Compel Arbitration and extending all briefing deadlines by 90 days would provide sufficient time for the parties to engage in mediation;

WHEREAS, this Court's standing order states that "The Court may continue or take a motion under submission such that the motion is not resolved before the Scheduling Order requires the parties to begin trial preparation. If a ruling on the motion would meaningfully impact trial preparation, to preserve the parties' and the Court's resources, the Court encourages the parties to meet and confer and file a Stipulation and Proposed Order to continue the trial-related dates";

WHEREAS, good cause exists to extend all other case deadlines apart from the hearing date on the Motion to Compel Arbitration and related briefing deadlines,

including the trial in this action by 180 days, because, if the case does not resolve at mediation, the parties will not know which plaintiffs will proceed in the litigation, or whether the Court will stay the litigation, or which facts will govern the litigation including class certification proceedings, until after the Court rules on the pending Motion to Compel Arbitration;

WHEREAS, the Court's ruling on the Motion to Compel Arbitration will meaningfully impact the parties' trial preparation including disclosure of expert reports, rebuttal reports, fact discovery, and plaintiffs' class certification motion;

WHEREAS, presently the parties will need to complete expert disclosures due on August 1, 2024; rebuttal expert disclosures on September 1, 2024; and start class certification briefing on September 1, 2024, without a ruling on the Motion to Compel Arbitration, thereby affecting their trial preparation because they will need to complete these tasks without knowing which parties will remain in the litigation, the governing facts, or whether the Court will stay this litigation pending the arbitrations; and

WHEREAS, good cause exists for the additional reason that the parties are lodging the instant stipulation well ahead of the Final Pretrial Conference and the date upon which the Final Pretrial Conference Order must be lodged with the Court (*see* Local Rule 16-9),

IT IS THEREFORE HEREBY STIPULATED AND AGREED by and between undersigned counsel for the parties that all future deadlines currently set in this matter relating to the motion to compel arbitration and set forth in ECF No. 51 shall be extended by 90 days. All other deadlines, including those set the Court in its orders at ECF Nos. 34 and 37 (including the March 2025 trial date), shall be extended by 180 days.

IT IS SO STIPULATED.

Dated: June 14, 2024       Respectfully Submitted,

**HEDIN LLP**

By: /s/ Frank S. Hedin

Frank S. Hedin (SBN 291289)

*Counsel for Plaintiffs and the Putative Class*

Dated: June 14, 2024       **VENABLE LLP**

By: /s/ Ari Rothman

Ari N. Rothman (SBN 296568)
Allison C. Nelson (SBN 319321)

*Counsel for Defendant*

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Ari Rothman, counsel for Defendant, concurs in the content of this filing and has authorized this filing.

Dated: June 14, 2024       HEDIN LLP

By: /S/ FRANK S. HEDIN
Frank S. Hedin

*Counsel for Plaintiffs and the Putative Class*