# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TESSIBLE "SKYLER" FOSTER, MARIE SCOTT, and KRISTA BAUMBACH,

                    Plaintiffs,

          vs.

800-FLOWERS, INC.,

                    Defendant.

Case No.: 2:23-cv-07441-AB-PVC

**DECLARATION OF ANDREA R. DUDINSKY OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH PRELIMINARY APPROVAL OF SETTLEMENT**

I, Andrea R. Dudinsky, hereby declare:

1.     I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the proposed Settlement Administrator to be appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement.

2.     Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities, labor and employment, consumer and government enforcement matters. Kroll has provided

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement entered into in this Action.

class action services in over 3,000 settlements varying in size and complexity over the past 50 years.

3.      Kroll is prepared to provide a full complement of notification and administration services in connection with the Settlement Agreement, including dissemination of the notice by email (or by first-class mail where notice delivered to all known email addresses of a particular Settlement Class Member are bounced back and where a physical address is available) and through the use of a Settlement Website to be created in connection with this matter.

4.      It is Kroll's understanding that it will be provided with a Class List under the Settlement Agreement, and the Class List data is to contain a combination of names, addresses, email addresses, and other data elements pertinent to the administration of the Settlement.

## CAFA Notice

5.      On behalf of the Defendant, Kroll will provide notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) (the "CAFA Notice").  Kroll will send the CAFA Notice via hard copies of the required documents via first-class certified mail to (a) the Attorney General of the United States; and (b) each applicable state Attorney General.  Kroll shall send the CAFA Notice no later than ten (10) Days after the Motion for Preliminary Approval is filed. Kroll will prepare a draft of each CAFA Notice and send same to Class Counsel and Defense Counsel (collectively, "Counsel") to review before Kroll sends each such CAFA Notice.

## Notice by Email

6.      In preparation for disseminating notices by email, Kroll will work with "Counsel" to finalize the language for the Email Notice.  Once the language for the

Email Notice is approved, Kroll will create an email notice template in preparation for the email campaign. Kroll will prepare a file with all Settlement Class Member email addresses and upload the file to an email campaign platform. Kroll will prepare email proofs for Counsel's review and final approval. The proofs/test emails for approval will include the body of the email and subject line. Once the proofs/test emails are approved, the email campaign will begin as directed in Paragraph 97 of the Settlement Agreement.

7.      Kroll will track and monitor emails that are rejected or "bounced back" as undeliverable. At the conclusion of the email campaign, Kroll will provide a report with the email delivery status of each record. The report will include the number of records that had a successful delivery, and a count of the records where delivery failed. Kroll will also update its administration database with the appropriate status of the email campaign for each of the Settlement Class Member records.

8.      If the Email Notice was delivered successfully, no further action will be taken with respect to the particular Settlement Class Member record.

9.      If Email Notices are rejected or "bounced back" as undeliverable, or in the case of where Email Notice is sent to multiple email addresses belonging to a Settlement Class Member and each such email bounces back, within ten (10) Days of receipt of such bounce back(s), Kroll will send a Post Card Notice by first-class mail to the physical address for that record if available, as described below.

### **Notice by Mail**

10.      Kroll will work with Counsel to format the Post Card Notice for mailing. Upon approval, Kroll will coordinate the preparation of Post Card Notice proofs for Counsel's review and final approval.

11.     As required under Paragraph 98 of the Settlement Agreement, Kroll will send the Post Card Notice by first-class mail to the physical addresses of Settlement Class Members whose Email Notice returned as a bounce back, or in the case of where Email Notice is sent to multiple email addresses belonging to a Settlement Class Member and each such email bounces back, if a physical mailing address is included in the Settlement Class Member data.

12.     In preparation for the Post Card Notice mailing, Kroll will send the Settlement Class Member data for those records who will be receiving a Post Card Notice through the United States Postal Service's ("USPS") National Change of Address ("NCOA") database.  The NCOA process will provide updated addresses for Settlement Class Members who have submitted a change of address with the USPS in the last 48 months, and the process will also standardize the addresses for mailing.  Kroll will then prepare a mail file of Settlement Class Members that are to receive the Post Card Notice via first-class mail.

13.     As required under Paragraph 99. of the Settlement Agreement, Postcard Notices returned by the USPS with a forwarding address will be automatically re-mailed to the updated address provided by the USPS.

14.     As required under Paragraph 99 of the Settlement Agreement, Post Card Notices returned by the USPS undeliverable as addressed without a forwarding address will be sent through an advanced address search process in an effort to find a more current address for the record.  If an updated address is obtained through the advanced search process, Kroll will re-mail the notice to the updated address.

### Settlement Website

15.     Kroll will work with Counsel to create a dedicated Settlement Website. The Settlement Website URL will be determined and approved by Counsel.  The Settlement Website will contain a summary of the Settlement, will allow Settlement Class Members to contact the Settlement Administrator with any questions or

changes of address, provide notice of important dates such as the Final Approval Hearing and the Opt-Out and Objection Date, and provide Settlement Class Members the opportunity to submit exclusion requests online or to request payment by paper check. The Settlement Website will also contain relevant case documents including the Settlement Agreement, the Class Notices, the Motion for Preliminary Approval, the Order Granting Preliminary Approval, the motion for Attorneys' Fee Award and Service Award, the Motion for Final Approval, and any other materials agreed upon by the Parties and/or required by the Court.

### Post Office Box

16.    Kroll will designate a post office box with the mailing address *Paiz, et. al., v. 800-Flowers, Inc.*, c/o Kroll Settlement Administration LLC, PO Box ####, New York, NY Zip-Zip4, in order to receive requests for exclusion and correspondence from Settlement Class Members.

### Administration Cost

17.    Based on Kroll's current understanding of the Settlement Class size and requested Settlement administration services, estimated Notice and Administration Costs are approximately $81,091.87 for fees, costs and other expenses incurred for Settlement administration pursuant to the Settlement Agreement. The current estimate is subject to change depending on factors such as the actual Settlement Class size and/or any Settlement administration scope change not currently under consideration, however subject to certain conditions, Kroll has agreed that Notice and Administration Costs will not exceed the amount of $89,400.00.[2]

18.    Based on Kroll's current understanding of the Settlement Class size, as well as the Service Awards amount specified in section Paragraph 109 of the

---

[2] This "Not-to-Exceed" amount is contingent upon no change in the scope of work provided and the following assumptions: (1) no more than 112,000 Settlement Class Members, (2) no more than 5,914 notices being mailed (inclusive of remails), and (3) no more than 5,600 checks being mailed. Postage rates will increase bi-annually (January & July) and may cause the Not-to-Exceed amount to increase as this is a pass-through expense.

DECLARATION OF ANDREA R. DUDINSKY IN CONNECTION WITH PRELIMINARY APPROVAL

Settlement Agreement, the Attorneys' Fee Award amount specified in Paragraph 110 of the Settlement Agreement, the Common Fund amount specified in Paragraph 84 of the Settlement Agreement, and using the estimated Notice and Administration Costs set forth in Paragraph 17 of this declaration, and Plaintiffs' counsel estimate that reimbursable costs will not exceed $14,000.00, Kroll estimates the Settlement Share for each Settlement Class Member would be $6.99. If the Notice and Administration Costs are equal to the amount not to be exceeded identified in Paragraph 17 of this declaration, Kroll estimates the Settlement Share for each Settlement Class Member would be $6.91.

I declare under penalty of perjury under the laws of the United Sates that the above is true and correct to the best of my knowledge and that this declaration was executed on August 30, 2024, in Kansas City, Missouri.

ANDREA R. DUDINSKY

DECLARATION OF ANDREA R. DUDINSKY IN CONNECTION WITH PRELIMINARY APPROVAL