UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSIBLE "SKYLER" FOSTER; MARIE SCOTT; and KRISTA BAUMBACH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>800-FLOWERS, INC.,<br><br>Defendants. | Case No. 2:23-cv-07441-AB-PVC<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement pursuant to Federal Rule of Civil Procedure 23(e). ("Motion," Dkt. No. 55.) No opposition was filed. The Court held a hearing on September 27, 2024. For the following reasons, Plaintiff's Motion is **GRANTED.**

The Court **HEREBY ORDERS**:

**A**. **Provisional Approval and Certification of the Settlement Class and Appointment of Class Counsel and Class Representatives**

1.      Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.      The Court has conducted a preliminary assessment of the fairness,

reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court preliminarily finds that the proposed Settlement of $1,200,00.00 is fair, reasonable and adequate to warrant providing notice to the Settlement Class.  The Court therefore grants Preliminary Approval of the Settlement.

3.    Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.[1]

4.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that, for purposes of the Settlement, the Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach are members of the Settlement Class and that, for Settlement purposes only, they satisfy the requirement that they will adequately represent the interests of the Settlement Class Members.  The Court hereby appoints Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach  as  class representatives of the Settlement Class, who may obtain reasonable service awards of $2,500 each.

5.    Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1) and having reviewed the submissions of Plaintiffs' counsel, the

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are the following Persons: (a) 800-Flowers, Inc., the Released Persons and their employees, officers, directors, agents, and representatives, and their immediate family members; (b) Class Counsel; (c) The Court, the Court's immediate family members, and Court staff; and (d) The mediator, Jill Sperber, Esq. of Judicate West.

Court finds that the Plaintiffs' counsel, Frank S. Hedin of Hedin LLP, will fairly and adequately represent the interests of the Settlement Class.  Accordingly, the Court hereby appoints Frank S. Hedin of Hedin LLP as Class Counsel to represent the Settlement Class. The Court preliminarily approves Class Counsel's abilities to request attorneys' fees, costs and expenses, including an award of attorney's fees up to $300,000 (25% of the Gross Settlement Amount), and reasonable costs up to $14,000.

**B. The Final Approval Hearing**

6.    Pursuant to Federal Rule of Civil Procedure Rule 23(e), the Court will hold a Final Approval Hearing on January 31, 2025 at 1:30 p.m. to consider the fairness, reasonableness and adequacy of the Settlement and whether it should be finally approved by the Court, and to determine the reasonableness of Class Counsel's requested Attorneys' Fee Award and the class representatives' requested  Service Awards.

7.    No later than January 17, 2024,  which is fourteen (14) Days before the Final Approval Hearing, the Parties must file any papers in support of Final Approval of the Settlement and respond to any written objections.

**C. Objecting to the Settlement**

8.    Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for Attorneys' Fee Award to Class Counsel, or Service Awards to the class representatives, must do so on or before the Opt-Out and Objection Date set forth below, in the manner and pursuant to the requirements set forth in the Settlement Agreement and the Class Notice.

9.    Any responses by the Parties to timely-filed objections shall be included in the Motion for Final Approval briefing.

**D. Requesting Exclusion from the Settlement Class**

10.    Any member of the Settlement Class who wishes to exclude himself

or herself from the Settlement Class must submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date in compliance with the provisions of the Settlement Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation.

11. Any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement or the requested Attorneys' Fee Award or Service Awards must timely file with or mail to the Court, by no later than the Opt-Out and Objection Date, an objection which complies with the requirements set forth in Paragraph 116 of the Settlement Agreement and as set forth in the Class Notice.

**E. Settlement Class Notice Program**

12. Pursuant to the Settlement Agreement, Kroll Settlement Administration, LLC ("Kroll") is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order, at a reasonable fee not to exceed $89,400.

13. The Court approves the Class Notices accompanying the Settlement Agreement and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

14. The Court finds that the Settlement Class Notice Program set forth in the declaration of Andrea R. Dudinksy of Kroll: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate and

sufficient notice to all Persons entitled to receive Class Notice; and (iv) meets all requirements of applicable law.

15.    In addition to electronic means, the Settlement Administrator shall establish a post office box in its name to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

16.    The Settlement Administrator is ordered to cause the Class Notice to be disseminated to Settlement Class members on or before thirty (30) Days from the date of this Order and shall constitute the "Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.

17.    The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) Days after the Opt-Out and Objection Date and shall then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days before the Final Approval Hearing.

18.    The Settlement Administrator shall also file proof of compliance with the Settlement Class Notice Program no later than seven (7) Days before the Final Approval Hearing.

**F**. **Miscellaneous Provisions**

19.    Settlement Class Members are preliminarily enjoined, unless and until they have timely and properly excluded themselves from the Settlement Class, from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and

circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. This is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

20.     Counsel is hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, insubstantial changes to the form or content of the Class Notices and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

21.     Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **Deadline to Mail Notice** | October 23, 2024 |
| **Deadline to File Fee Motion** | December 2, 2024 |
| **Deadline for Opt-Outs and Objections** | December 23, 2024 |

| Deadline to Provide Opt-Out List to Counsel | December 30, 2024 |
|---|---|
| **Deadline for Parties and Settlement Administrator to file the following: (1) Opt-Out List; (2) Proof of CAFA Notice and Class Notice; (3) Motion for Final Approval, including responses to any Objections** | January 24, 2025 |
| **Final Approval and Fairness Hearing** | January 31, 2025 |

**IT IS SO ORDERED.**

Dated: October 3, 2024

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE