# Exhibit A

## SETTLEMENT AGREEMENT

1.      This Settlement Agreement[1] is entered into by, between, and among (1) Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach, on behalf of themselves and as putative representatives of the Settlement Class, and (2) Defendant 800-Flowers, Inc.  This Settlement Agreement is entered into by the Parties to fully and finally resolve and dismiss all of Plaintiffs' claims against Defendant in the lawsuit captioned *Paiz, et. al. v. 800-Flowers, Inc.*, Case No. 2:23-cv-07441-AB-PVC, pending in the United States District Court for the Central District of California on the terms set forth below, subject to Court approval pursuant to Federal Rule of Civil Procedure 23.

## I.      RECITALS

2.      WHEREAS, on April 20, 2023, Damon Tate, represented by Class Counsel, filed a putative class action against Defendant in the Superior Court of Los Angeles County styled *Tate v. 800-Flowers, Inc.*, alleging Defendant violated California's Automatic Renewal Law, Cal. Bus. & Prof. Code §§ 17600, *et seq.* ("the ARL") in connection with its Celebrations Passport membership program;

3.      WHEREAS, on June 2, 2023, Defendant removed the case to the Central District of California whereupon the case was assigned case number 2:23-cv-04340-AB-PVC;

4.      WHEREAS, on August 7, 2023, Defendant filed a motion to compel arbitration and stay case, strike class claims, and dismiss as to each of the *Tate* plaintiffs;

5.      WHEREAS, on August 28, 2023, plaintiffs filed a second amended complaint dismissing the *Tate* plaintiffs and adding four new plaintiffs, including Anayancy Paiz;

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the same force, meaning and effect as ascribed in Section II of this Settlement Agreement ("Definitions").

6.    WHEREAS, on September 6, 2023, plaintiffs voluntarily dismissed the *Tate* action without prejudice;

7.    WHEREAS, on September 7, 2023, plaintiff Foster, along with Anayancy Paiz, Susan Finkbeiner, and Larissa Rapadas, filed the initial class action complaint in this Action, which, like the *Tate* action, alleged that Defendant violated the ARL in connection with its Celebrations Passport membership program;

8.    WHEREAS, on November 14, 2023, Defendant filed a motion to compel arbitration and stay case as to plaintiffs Anayancy Paiz and Larissa Rapadas and a motion to dismiss plaintiff Susan Finkbeiner's claims for lack of standing;

9.    WHEREAS, on December 5, 2023, plaintiffs filed a first amended complaint which retained Anayancy Paiz, and Larissa Rapadas as representative plaintiffs and added as representative plaintiffs Kimberly Moore Keller, Marie Scott, Krista Baumbach, and Latricia Anderson Thompson;

10.    WHEREAS, on January 18, 2024, Defendant filed a motion to compel Anayancy Paiz, Larissa Rapadas, Kimberly Moore Keller, Latricia Anderson Thompson, and  Marie Scott to arbitration, sought a stay of the Action pending final resolution of the arbitrations, alternatively moved to dismiss Kimberly Moore Keller and Latricia Anderson Thompson for lack of standing, and contemporaneously, answered the first amended complaint as to plaintiffs Foster and Baumbach;

11.    WHEREAS, on March 28, 2024, the Court granted plaintiffs leave to file a second amended complaint, which plaintiffs filed in lieu of opposing the then-pending motions;

12.    WHEREAS, on April 12, 2024, Plaintiffs filed the second amended class action complaint, which is the operative complaint in the Action;

13.     WHEREAS, the second amended class action complaint names Foster, Scott, and Baumbach as the only representative plaintiffs and like each of the above-referenced complaints alleges Defendant violated the ARL in connection with its Celebrations Passport membership program;

14.     WHEREAS, on May 10, 2024, Defendant filed motions to compel arbitration and stay case, or alternatively, to dismiss for lack of standing, or to strike claims as to plaintiffs Baumbach and Scott, and contemporaneously filed an answer to the second amended complaint as to plaintiff Foster;

15.     WHEREAS, after Defendant filed its May 10, 2024, motion to compel arbitration and stay case, or alternatively, to dismiss for lack of standing, Plaintiffs and Defendant began discussions concerning the resolution of the Action, and agreed on using a mediator to facilitate settlement, on the condition that in advance of the mediation, Defendant provide Plaintiffs with class size information and information concerning the number of automatic renewals paid by California consumers across the various channels through which Defendant sold Celebrations Passport during the class period;

16.     WHEREAS, on July 24, 2024, Plaintiffs and Defendant attended a full day of mediation before Jill Sperber, Esq. of Judicate West, a mediator with substantial experience mediating complex civil actions, including consumer class actions;

17.     WHEREAS, prior to the mediation, Plaintiffs and Defendant each disclosed to the mediator position statements setting forth their respective positions on the pertinent factual and legal issues relevant to the merits of Plaintiffs' claims and class certification;

18.     WHEREAS, the mediation concluded with a settlement in principle memorialized by a comprehensive term sheet executed by counsel for Plaintiffs and Defendant on July 24, 2024,

the terms of which are reflected below in this Settlement Agreement and represent the product of the Plaintiffs and Defendant's arm's-length negotiations and good faith efforts to reach a settlement that automatically provides relief to the Settlement Class in an efficient, streamlined manner;

19.    WHEREAS, Defendant continues to deny all material allegations in the Action and has asserted a variety of defenses, including, but not limited to, those set forth in its motions and answer filed on May 10, 2024, in the Action;

20.    WHEREAS, this Settlement Agreement is a compromise, and the Settlement Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Persons, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class;

21.    WHEREAS, Plaintiffs, as class representatives, continue to believe that the claims settled herein have substantial merit, but they and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions;

22.    WHEREAS, Plaintiffs and their counsel have also taken into account the uncertain outcome and risk of continued litigation, as well as the difficulties and delay inherent in such litigation, and believe that the Settlement set forth in this Settlement Agreement confers substantial benefits and meaningful relief upon the Settlement Class;

23.    WHEREAS, based upon a detailed evaluation, Class Counsel has determined that the Settlement set forth in this Settlement Agreement is in the best interest of the Settlement Class and represents an excellent result for the Settlement Class;

24.     WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the Action, Plaintiffs and their counsel have agreed to settle the Action pursuant to the provisions of this Settlement Agreement, after considering, *inter alia*: (a) the monetary benefits to the Settlement Class under the terms of this Settlement Agreement; (b) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating this Settlement Agreement forthwith, in order to provide effective and prompt relief to the Settlement Class;

25.     WHEREAS, this Settlement Agreement was reached as a result of extensive arm's-length negotiations between the Parties and their counsel, with the assistance of an experienced mediator, Jill Sperber, Esq.; and

26.     WHEREAS, before, during these negotiations, and at the mediation before Ms. Sperber, Plaintiffs and Defendant conducted an arm's-length exchange of information sufficient to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

27.     NOW, THEREFORE, in consideration of the foregoing and the mutual covenants, promises, and releases set forth below, for good and valuable consideration as set forth below, the receipt and sufficiency of which is hereby mutually acknowledged, and subject to Preliminary Approval and Final Approval of the Court, the Parties hereby agree as follows:

## II.     <u>DEFINITIONS</u>

28.     As used in this Settlement Agreement and the attached exhibits, the following terms have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise:

29. "Action" means *Paiz, et al. v. 800-Flowers, Inc.*, No. 2:23-cv-07441-AB-PVC (C.D. Cal.).

30. "Automatic Renewal Law" or "ARL" means the California Automatic Renewal Law codified at Cal. Bus. & Prof. Code §§ 17600, *et seq*.

31. "Attorneys' Fee Award" means any Court-approved award to Class Counsel, paid out of the Common Fund, as further described in Section VII below.

32. "CAFA Notice" means notification required by the Class Action Fairness Act (CAFA) of this proposed Settlement to certain federal and state officials, made in accordance with 28 U.S.C. § 1715.

33. "Celebrations Passport" means the customer loyalty program offered by Defendant across its consumer brands as described by the second amended class action complaint in this Action.

34. "Class Counsel" means Frank S. Hedin of Hedin LLP.

35. "Class List" means an electronic list from Defendants' records that includes the names and all known email addresses for the Settlement Class Members, and which separately identifies the most recent email address and the postal address each Settlement Class Member used to renew their Celebrations Passport membership, estimated to include approximately 112,000 email addresses.

36. "Class Notice" means the notice of this proposed class action Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class substantially in the manner set forth in this Settlement Agreement, which is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits A, B, and C hereto.

37.    "Common Fund" means a non-reversionary cash settlement fund to be established by Defendant in the amount of, and not to exceed, one million two hundred thousand dollars and 00/100 ($1,200,000.00).

38.    "Court" means the United States District Court for the Central District of California and the Judge presiding over the Action, the Honorable André Birotte, Jr.

39.    "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  When computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or federal or State of California legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or State of California legal holiday.

40.    "Defendant" means 800-Flowers, Inc.

41.    "Defense Counsel" means Ari Rothman and Allison Nelson of Venable LLP.

42.    "Effective Date" refers to the first date after all of the following events and conditions have been met or have occurred:  (a) the Court enters the Preliminary Approval Order; (b) the Opt-Out and Objection Date has passed; (c) the Court enters a Final Approval Order and Judgment; (d) the deadline has passed for counsel for the Parties to terminate the Settlement Agreement without a Party terminating it; and (e) the time to appeal from the Final Approval Order and Judgment has expired and no notice of appeal has been filed, or, in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order and Judgment has remained intact in all material respects.  The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Settlement Agreement unless specifically set forth otherwise herein.

43.    "Email Notice" means the Class Notice emailed to each email address on the Class List.  Email Notice shall be the primary form of notice in the Settlement Class Notice Program and shall be effectuated in accordance with the Notice Date.

44.    "Final Approval" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order and Judgment, substantially in the form approved by the Parties, and attached to the Motion for Final Approval.

45.    "Final Approval Hearing" means the hearing before the Court where the Parties will request final judgment to be entered by the Court approving the Settlement Agreement, the Attorneys' Fee Award, and the Service Awards to the class representatives.

46.    "Final Approval Order and Judgment" means a final order entered by the Court after the Final Approval Hearing, granting approval of the Settlement as further described in Section X below.  A proposed Final Approval Order and Judgment, as jointly agreed upon by the Parties and consistent with the terms set forth herein, shall be submitted to the Court together with the Motion for Final Approval.

47.    "Motion for Final Approval" means the motion that Plaintiffs and Class Counsel will file with the Court seeking Final Approval of the Settlement, the substance of which shall be approved by Defendant before submission to the Court.  The Motion for Final Approval shall include: (a) the motion for approval of Attorneys' Fee Award and Service Awards, and (b) the proposed Final Approval Order and Judgment as an attachment.  The Motion for Final Approval shall be filed with the Court no later than fourteen (14) Days before the Final Approval Hearing.

48.    "Motion for Preliminary Approval" means the motion that Plaintiffs and Class Counsel will file with the Court seeking Preliminary Approval of the Settlement, the substance of which shall be approved by Defendant before submission to the Court.

49.     "Net Common Fund" means the amount of the Common Fund that remains after Attorneys' Fee Award, Notice and Administration Costs, Service Awards, and any other costs of the class Settlement, not including the Settlement Shares due to each Settlement Class Member.

50.     "Notice and Administration Costs" means any and all costs and expenses of Class Notice and administration relating to this Settlement.

51.     "Notice Date" means the first Day on which the Settlement Administrator begins disseminating the Class Notice.  The Notice Date shall occur thirty (30) Days after the Preliminary Approval Date.

52.     "Opt-Out" shall refer to a putative member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section VIII, Paragraph 117 below.

53.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

54.     "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a putative member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must timely file objections, if any, to the Settlement in order to preserve any right or ability to object to the Settlement.  The Opt-Out and Objection Date shall be set at least thirty-five (35) Days after the filing (and posting to the Settlement Website) of any motion requesting an Attorneys' Fee Award.  The Opt-Out and Objection Date shall occur sixty (60) Days after the Notice Date.

55.     "Parties" means Plaintiffs and Settlement Class Members together with Defendant.

56.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

57.     "Plaintiffs" means Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach.

58.     "Post Card Notice" means a Class Notice mailed only in the event that the attempts at Email Notice are returned as undeliverable that is sent to the last known mailing address for the Settlement Class Member.

59.     "Preliminary Approval" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

60.     "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

61.     "Preliminary Approval Order" means the order entered by the Court preliminarily approving the Settlement.

62.     "Release" means the release and discharge, as of the date of the Final Approval Order and Judgment, by Plaintiffs and all Settlement Class Members (on their own behalf and on behalf of their respective present, former and future administrators, trustees, spouses, attorneys, agents, assigns, executors, heirs, partners, privies, representatives, predecessors-in-interest and successors, and any other person or entity who may claim through them), who have not properly and timely excluded themselves from the Settlement Class by becoming an Opt-Out, of the Released Claims as to the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain, or assert

against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal, injunctive or declaratory, and/or administrative relief, interest, demands, or rights, including without limitation, claims for damages or penalties of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been or could have been asserted in the Action by Plaintiffs or any Settlement Class Member against the Released Persons, or any of them, arising out of or related to the Released Claims.

63.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets, or liabilities, including, but not limited to, tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or matured, under federal, state, or local law, which Plaintiffs and/or any Settlement Class Member had, now have, or may in the future have that could have been asserted in the Action with respect to any conduct, act, omissions, facts, matters, transactions, or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to the automatic renewal of Celebrations Passport by or on behalf of the Releasing Persons against the Released Persons, including, without limitation, the causes of action for violation of the ARL made by Plaintiffs in the Action as well as any similar claims for violation of any federal or state statutory or common law arising from automatic renewal of Celebrations Passport.

11

64.    "Released Persons" means Defendant 800-Flowers, Inc., as well as 1-800-Flowers.com, Inc., and their affiliates, brands, past, present, and future direct and indirect predecessors, successors, assigns, parents, partners, privies, subsidiaries, partnerships, limited liability companies, corporations, unincorporated entities, divisions, departments, affiliates, groups, and any and all of their past, present, and future directors, officers, shareholders, executives, officials, principals, members, employees, stockholders, heirs, agents, servants, insurers, reinsurers, members, accountants, actuaries, fiduciaries, advisors, consultants, contractors, trustees, representatives, indemnitors, indemnitees, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, predecessors, successors, assigns, and attorneys, and any other person acting on their behalf, in their capacity as such.  It is expressly understood that any Released Person that is not a party to this Settlement Agreement is an intended and express third-party beneficiary of this Settlement Agreement, and each may seek to enforce any provision of this Settlement Agreement.

65.    "Releasing Persons" means Plaintiffs Tessible "Skyler" Foster, Marie Scott, Krista Baumbach and the Settlement Class Members, on their own behalf and on behalf of their respective present, former, and future administrators, trustees, spouses, agents, assigns, executors, heirs, partners, privies, representatives, predecessors-in-interest, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, any entities in which Plaintiffs and/or any Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants,

accounting advisors, and auditors of any or all of the above persons or entities identified in this Paragraph, and any other person or entity who may claim through them. Class Counsel and attorneys employed by Hedin LLP are specifically exempted from the definition of "Releasing Persons."

66.    "Service Award" means any Court-approved award to the Plaintiffs, in their capacities as individual class representatives, as set forth in Section VII below, and payable by the Settlement Administrator from the Common Fund.

67.    "Settlement" means the settlement set forth in this Settlement Agreement.

68.    "Settlement Administrator" means Kroll Settlement Administration, LLC, an independent, reputable, and competent professional service company selected by Class Counsel and Defense Counsel, subject to approval of the Court, which will, *inter alia*, administer the Class Notice, maintain the Settlement Website, and otherwise administer the Settlement in accordance with this Settlement Agreement and CAFA, and which will engage in any other tasks directed by the Court, Class Counsel or Defense Counsel to further the Settlement contained within this Settlement Agreement.

69.    "Settlement Agreement" means this Settlement Agreement, including all exhibits and addenda thereto.

70.    "Settlement Class," each a "Settlement Class Member," means all Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

71.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the

13

Settlement and Settlement Agreement, comprised of the Class Notice, CAFA Notice, and any other attempts to notify the Settlement Class of this Settlement.

72.     "Settlement Share" shall mean a Settlement Class Member's share of the Net Common Fund, the value of which shall be determined by application of the following formula: the value of the Net Common Fund divided by the total of the number of Settlement Class Members minus Opt-Outs.  All Settlement Shares shall be of equal value.  Settlement Shares shall be paid automatically without the need to file a claim form.  Settlement Shares shall be paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address.  On the Settlement Class Member's election on the Settlement Website, a Settlement Share may be paid by paper check.

73.     "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement and the Class Notice, the Motion for Preliminary Approval, the Preliminary Approval Order, the motion for Attorneys' Fee Award and Service Award, and the Motion for Final Approval, and which Settlement Class Members may access to submit exclusion requests and requests for payment of a Settlement Share by paper check.  The Settlement Website shall also include web-based forms that allow a Settlement Class Member to request that a Settlement Share be paid by paper check or electronic transfer, register a change of address, and to opt out of the Settlement.  The Settlement Website may not go live until all of its contents, including its URL, are approved by Plaintiffs and Defendant, and shall stay live no longer than six (6) months following Final Approval.

74.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

75.    Terms that are defined in the text of this Settlement Agreement, but not otherwise defined in Section II above, shall have the meaning given to those terms in the text.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

76.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class: All Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

77.    Specifically excluded from the Settlement Class are the following Persons:

a.    800-Flowers, Inc., the Released Persons and their employees, officers, directors, agents, and representatives, and their immediate family members;

b.    Class Counsel;

c.    The Court, the Court's immediate family members, and Court staff; and

d.    The mediator, Jill Sperber, Esq. of Judicate West.

78.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily certifying the Settlement Class, appointing Plaintiffs Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach as representatives of the Settlement Class, and appointing Frank S. Hedin, counsel for Plaintiffs, as counsel for the Settlement Class.

79.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

80.    In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified, and 800-Flowers, Inc. shall retain the right to challenge the appropriateness and suitability of class treatment.  This Settlement Agreement may not be used by any Party to seek to certify any class other than for settlement purposes.

### IV.    BENEFITS TO THE SETTLEMENT CLASS

81.    Based on the Parties' investigation, including a full search of 800-Flowers, Inc.'s sales records, and the exchange of confirmatory discovery, the Parties have concluded that, to the best of their knowledge and belief, there are approximately 112,000 email addresses reflecting accounts in the Settlement Class.

82.    Subject to the terms of this Settlement Agreement, each Settlement Class Member will automatically receive an electronic cash payment of a Settlement Share (in the manner provided by its definition) and shall not be required to file a claim form to receive such Settlement Share.

83.    Notice and Administration Costs, Attorneys' Fee Award, Service Awards, and Settlement Shares shall be paid from the Common Fund pursuant to the terms set forth herein.

84.    Defendant's payment to the Common Fund shall be exactly, and shall not exceed, one million two hundred thousand dollars and 00/100 ($1,200,000.00).  This payment is non-reversionary.  Defendant shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.

85.    Once the Court enters a Preliminary Approval Order, Defendant shall, within five (5) Days of the Preliminary Approval Date, pay to the Settlement Administrator the amount agreed

upon by the Parties and estimated by the Settlement Administrator for the Notice and Administration Costs, not to exceed eighty nine thousand four hundred dollars and 00/100 ($89,400.00), as part of the Common Fund to pay reasonable costs to effectuate the Settlement Class Notice Program.  The Settlement Administrator has agreed to a not-to-exceed amount of eighty nine thousand four hundred dollars ($89,400.00) as the cost for it to perform all of the services necessary to administer the Settlement.  The remainder of the funds not used for the Notice and Administration Costs shall remain part of the Common Fund and be disbursed in accordance with the terms of this Settlement Agreement.

86.    Within thirty-seven (37) Days of the Effective Date, Defendant shall transfer the balance of the money needed to fully fund the Common Fund (less funds already paid in relation to the Notice and Administration Costs) to the Settlement Administrator into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.

87.    Within three (3) Days of receipt of the remainder of the Common Fund as set forth in Paragraph 86 above, or at such other time as may be reasonably agreed upon by the Parties, the Settlement Administrator shall cause (a) any Service Awards awarded by the Court to be paid, (b) any Attorneys' Fee Award awarded by the Court to be paid, and (c) the commencement of payment of Settlement Shares, which may take additional time to complete.

88.    Plaintiffs will request Service Awards of up to two thousand five hundred dollars and 00/100 ($2,500.00) to each of the three Plaintiffs and an Attorneys' Fee Award of three hundred thousand dollars ($300,000.00) to Class Counsel as set forth in Section VII below.

89.    As described in Section V below, all of the Settlement Class Members will be sent Email Notice by the Settlement Administrator using the Class List.

90.    Settlement Class Members who are sent Email Notice shall be paid their Settlement Share by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address.

91.    Payment of Settlement Shares by electronic transfer shall be automatic and the default form of payment.  The Settlement Class Member may elect to receive payment of their Settlement Share by paper check by registering such request on the Settlement Website.

92.    In the event the Email Notice is returned as undeliverable (a "bounce back") (or, in a case where the Class List contains multiple email addresses for the Settlement Class Member and all are bounce backs), the Settlement Class Member will be mailed a Post Card Notice. Settlement Class Members who receive Post Card Notice will be paid their Settlement Share by paper check sent to the address to which the Post Card Notice was sent.  The Settlement Class Member who receives Post Card Notice may elect to instead receive payment of their Settlement Share by electronic transfer by registering such request on the Settlement Website.

93.    Each paper check issued for a Settlement Share will state on its face that the paper check will expire and become null and void unless cashed within one hundred and eighty (180) days of the date of issuance.  To the extent that a paper check issued to a Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issuance (which issuance shall be no earlier than five (5) Days prior to such paper check's mailing), the paper check will be void.

94.    The amount of the uncashed paper checks after the expiration date, less any Notice and Administration Costs, will be distributed to the National Consumer Law Center as *cy pres* recipient.   The Court may revise this *cy pres* provision as necessary without terminating or

otherwise impacting this Settlement Agreement, provided the Court's revision does not increase the amount that Defendant would otherwise pay under this Settlement Agreement.

95.    Notwithstanding the provisions set forth in Paragraphs 84–93 above, in the event a timely-filed notice of appeal of the Final Approval Order and Judgment (and/or the Service Awards to the Plaintiffs and/or any Attorneys' Fee Award to be paid to Class Counsel) is filed by a putative Settlement Class Member who submitted a valid and timely objection to the Settlement, the Settlement Administrator shall cause the payments described in Paragraphs 86, 87, and 88 above to be held in trust, in an interest-bearing account, pending resolution or final dismissal of any such appeal.  Upon final termination of any such timely appeal filed by any putative Settlement Class Member who submitted a valid and timely objection to the Settlement, the Settlement Administrator shall cause the payments described in Paragraphs 86, 87, and 88 above to be made within five (5) Days of the date of termination of all such appeals or such other time as the Parties may agree.  To the extent no timely objections to the Settlement are filed, the payments described in Paragraphs 86, 87, and 88 above shall not be delayed pending resolution of any purported appeal initiated by any Settlement Class Member.

## V.    SETTLEMENT CLASS NOTICE PROGRAM

96.    No later than two (2) Days after the Preliminary Approval Date, Defendant shall provide to the Settlement Administrator the Class List.

97.    The primary method for providing Class Notice shall be Email Notice.  The Email Notice shall provide to Settlement Class Members (a) the estimated amount of the Settlement Share that will be paid to each Settlement Class Member upon Final Approval; (b) that Settlement Shares shall be paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address, and the means by which a

Settlement Class Member can elect to receive payment by paper check; (c) the amount of the Service Awards and the Attorneys' Fee Award to be requested by Plaintiffs and Class Counsel; and (d) the requirements and process for filing an objection or a request for exclusion from the Settlement. Commencing on the Notice Date (thirty (30) Days after the Preliminary Approval Date), the Settlement Administrator shall send an Email Notice in the form of the proposed notice at **Exhibit A** to each email address contained in the Class List.

98.    If the Email Notice is returned as a bounce back, or in the case of where Email Notice is sent to multiple email addresses belonging to a Settlement Class Member and each such email bounces back, within ten (10) Days of the Settlement Administrator's receipt of the bounce back(s), the Settlement Administrator shall send Post Card Notice in the form of the notice at **Exhibit B** to the Settlement Class Member's last known postal address associated with that email address.

99.    If the Post Card Notice sent to a Settlement Class Member is returned as undeliverable, the Settlement Administrator shall take all reasonable measures (including utilizing the National Change of Address directory and any other proprietary or public databases or systems) to locate a current address for the Settlement Class Member and thereafter reissue a Post Card Notice.

100.    Within ten (10) Days after the Preliminary Approval Date, notice shall be provided in the form of **Exhibit C** on the Settlement Website at an available settlement URL mutually agreed upon by Class Counsel and Defense Counsel, which shall be obtained, administered, and maintained by the Settlement Administrator. The Settlement Website shall contain only the documents and information set forth in Paragraph 73 and this Paragraph. The Settlement Website shall only be accessible to Settlement Class Members, who shall be required to enter their name

and either (a) the email address at which they received an Email Notice or (b) the address at which they received Post Card Notice.

101.    The Settlement Administrator shall, no later than ten (10) Days after the filing of the Motion for Preliminary Approval, serve the CAFA Notice in full compliance with 28 U.S.C. § 1715.

## VI.    <u>SETTLEMENT ADMINISTRATION</u>

102.    Subject to Court approval, the Settlement Administrator shall be Kroll Settlement Administration, LLC.

103.    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by executing the Settlement Class Notice Program, processing requests for exclusion from the Settlement, and disbursing funds from the Common Fund in a rational, responsive, cost effective, and timely manner.  The terms of this Settlement Agreement, upon approval by the Court, shall at all times govern the scope of the services to be provided by the Settlement Administrator to administer the Settlement, and the terms of any separate contract or agreement entered into between the Settlement Administrator and Class Counsel, Defense Counsel, and/or the Defendant to administer the Settlement shall be consistent in all material respects with the terms of this Settlement Agreement.

104.    The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Defense Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defense Counsel regular reports at weekly intervals containing information concerning Class Notice,

administration, and implementation of the Settlement Agreement, and requests for exclusion. Should the Court request, Plaintiffs and Class Counsel shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Common Fund paid to Settlement Class Members.

105.    The Settlement Administrator shall provide Class Counsel and Defense Counsel with drafts of all administration-related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language, or other communications with the Settlement Class, at least ten (10) Days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defense Counsel agree to waive this requirement in writing on a case-by-case basis.

106.    The Settlement Administrator shall receive requests of putative members of the Settlement Class to be excluded from the Settlement Class and requests for payment of Settlement Shares by paper check, and shall promptly provide to Class Counsel and Defense Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defense Counsel.

107.    Defendant, the Released Persons, and Defense Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Common Fund; (c) the allocation of Settlement Shares to Settlement Class Members or the implementation, administration, or interpretation thereof; (d) the

determination, administration, or calculation of disbursements from the Common Fund; (e) any losses suffered by, or fluctuations in value of, the Common Fund; or (f) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Common Fund or the filing of any federal, state, or local returns.

108.    All taxes and tax expenses shall be paid out of the Common Fund and shall be timely paid by the Settlement Administrator pursuant to this Settlement Agreement and without further order of the Court.  Any tax returns prepared for the Common Fund (as well as the election set forth therein) shall be consistent with this Settlement Agreement and in all events shall reflect that all taxes on the income earned by the Common Fund shall be paid out of the Common Fund as provided herein.  The Defendant, Defense Counsel, and Released Persons shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

## VII.    SERVICE AWARDS AND ATTORNEYS' FEE AWARD

109.    In recognition of the time and effort the representative Plaintiffs expended in pursuing this Action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Settlement Class Members by the Settlement, Plaintiffs will make an application to the Court for Service Awards in the amount of two thousand five hundred dollars ($2,500) per each of the three Plaintiffs from the Common Fund no later than thirty-five (35) Days prior to the Opt-Out and Objection Date.  Defendant agrees not to oppose this request. The Service Awards shall be paid solely from the Common Fund by paper check written by the Settlement Administrator within three (3) Days after Defendant funds the Common Fund.

110.    At least thirty-five (35) Days prior to the Opt-Out and Objection Date, Class Counsel will move the Court for an Attorneys' Fee Award not to exceed 25% of the Common Fund, or three hundred thousand dollars and 00/100 ($300,000.00), inclusive of costs and

expenses, which shall be paid exclusively from the Common Fund.  Defendant agrees not to
oppose an application for Attorneys' Fee Award by Class Counsel in an amount not more than
25% of the Common Fund, or three hundred thousand dollars and 00/100 ($300,000.00), inclusive
of costs and expenses.  Class Counsel, in turn, agrees not to seek or accept attorneys' fees in excess
of this amount.

111.     Notwithstanding any contrary provision of this Settlement Agreement, the Court's
consideration of the Attorneys' Fee Award is to be conducted separately from the Court's
consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any
award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any
proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel
this Settlement Agreement or be deemed material thereto.  The Parties agree that under no
circumstances shall Defendant's total financial obligation under this Settlement Agreement exceed
the total amount of the Common Fund as defined above.

112.     Within three (3) business days of the Defendant funding the Common Fund, the
Settlement Administrator shall pay to Class Counsel from the Common Fund the amount awarded
by the Court in the Attorneys' Fee Award.  Any payment of the Attorneys' Fee Award shall be
paid via electronic wire transfer to an account designated by Class Counsel.

113.     Class Counsel shall provide the Settlement Administrator with its completed W-9
before the payment of the Attorneys' Fee Award is due.

114.     Defendant shall have no financial responsibility for this Settlement outside of the
Common Fund.  Defendant shall have no further obligation for attorneys' fees or expenses to any
counsel representing or working on behalf of either one or more individual Settlement Class

Members or the Settlement Class.  Defendant will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel.

## VIII.   OBJECTIONS AND OPT-OUT RIGHTS

115.    Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  Any attempted objection that fails to comply with the requirements set forth herein shall be void.  The Class Notice shall contain language consistent with the provisions set forth herein.

116.    To object to the Settlement, a Settlement Class Member must, no later than the Opt-Out and Objection Date, file with the Court a signed, written objection containing all of the following: (a) full name; (b) current address, current telephone number, and current email address; (c) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (d) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (e) a statement of all objections to the Settlement and the legal and factual basis for each objection; (f) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other Person; (g) the number of times in which the objector, objector's counsel, and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which the objector, objector's counsel, or counsel's law firm has made such objection and a copy of any orders related to or ruling upon the objection, objector's counsel's, or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each such case in which the objector, objector's counsel, and/or counsel's law firm have objected to a class action settlement within the preceding

five (5) years; and (h) the objector's signature (an attorney's signature is not sufficient).  Any Settlement Class Member who fails to timely file with the Court a written objection pursuant to this Paragraph shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing.

117.    Any Person in the Settlement Class who wishes to opt out of the Settlement Class must electronically submit an exclusion request on the Settlement Website no later than the Opt-Out and Objection Date, or mail to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be signed (or electronically signed) by the Person in the Settlement Class requesting exclusion and contain all of the following: (a) full name; (b) current address, current telephone number, and email address(es) which the Person in the Settlement Class used in connection with their Celebrations Passport membership; and (c) a statement that indicates their desire to be excluded from the Settlement Class.  A Person in the Settlement Class may opt out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where a personal statement has not been signed (or electronically signed) by each and every individual class member in strict compliance with this provision, shall not be allowed.

118.    Except for those Persons in the Settlement Class who timely and properly file a request for exclusion (Opt-Out), all members of the Settlement Class shall be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date will be bound by its terms, regardless of whether they receive any monetary relief.

119.    Any Opt-Out shall not: (a) be bound by any orders or judgments entered in the Action or relating to the Settlement; (b) be entitled to relief under, or be affected by, the Settlement

Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object

to or appeal from the Settlement.

120.    The Settlement Administrator shall provide Class Counsel and Defense Counsel

with the Opt-Out List within seven (7) Days of the Opt-Out and Objection Date.

## IX.    PRELIMINARY APPROVAL PROCESS

121.    Class Counsel shall, promptly after the execution of this Settlement Agreement, file

with the Court, with the consent of Defendant, a Motion for Preliminary Approval that requests

the Court do the following:

      a.      Preliminarily approve this Settlement Agreement;

      b.      Preliminarily certify the Settlement Class pursuant to Rule 23;

      c.      Preliminarily find that the proposed Settlement is fair, reasonable and

adequate to warrant providing notice to the Settlement Class, which Class Notice will:

(i) describe the essential terms of the Settlement; (ii) disclose Class Counsel's intention to

file an application with the Court for a Service Award to the Plaintiffs, as class

representatives; (iii) provide information regarding the application for an Attorneys' Fee

Award that Class Counsel intends to file with the Court; (iv) indicate the time and place of

the Final Approval Hearing, and the method for objecting to and/or opting out of the

Settlement; (v) explain the procedures for allocating and distributing funds associated with

the Settlement; and (vi) prominently display the address of Class Counsel and the

procedure for making inquiries;

      d.      Schedule a Final Approval Hearing for Final Approval of this Settlement

and Settlement Agreement to consider the fairness, reasonableness, and adequacy of the

proposed Settlement and whether it should be finally approved by the Court, and to

determine the reasonableness of the requested Attorneys' Fee Award and Service Award;

e.      Appoint the Settlement Administrator;

f.      Approve the Class Notice, and direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program;

g.      Find that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive Class Notice; and (iv) meets all requirements of applicable law;

h.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program no later than seven (7) Days before the Final Approval Hearing;

i.      Require any Person in the Settlement Class who wishes to exclude themselves from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date in compliance with the provisions of the Settlement Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice;

j.      Order that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class and becomes an Opt-Out will be bound by all proceedings, orders and judgments in the Action;

k.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the requested Attorneys' Fee Award or Service Awards to timely file with the Court, by no

later than the Opt-Out and Objection Date, a statement of the objection signed by the Settlement Class Member containing all of the information required in Paragraph 116 above;

l.      Order that any responses to any timely objection shall be included in the Motion for Final Approval briefing;

m.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and provide that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement;

n.      Direct that Class Counsel shall file any applications for an Attorneys' Fee Award and Service Awards at least thirty-five (35) Days prior to the Opt-Out and Objection Date;

o.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days before the Final Approval Hearing;

p.      Preliminarily enjoin all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Class, from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding

in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Member who has not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims.  This Settlement Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

## X.   FINAL APPROVAL ORDER AND JUDGMENT AND RELEASES

122.   If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved in all material respects by the Court in its Preliminary Approval Order, Plaintiffs shall request, and Defendant shall not oppose, that the Court enter a Final Approval Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

   a.   Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

   b.   Certifies a Settlement Class for purposes of this Settlement;

30

c.    Grants Final Approval of this Settlement Agreement as being fair, reasonable, and adequate as to all Parties and consistent and in compliance with all requirements of Due Process and applicable law, as to and in the best interests of all Parties, and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

d.    Declares this Settlement Agreement and the Final Approval Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release against the Released Persons maintained by or on behalf of the Releasing Persons;

e.    Finds that the Settlement Class Notice Program: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing, and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of Due Process and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23 and California state law), and that the CAFA Notice sent by the Settlement Administrator complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

f.    Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

g.      Dismisses the Action now pending before the Court on the merits and with

prejudice and without fees or costs, except as provided herein, in accordance with the terms

of the Final Approval Order and Judgment;

h.      Adjudges that Plaintiffs and the Settlement Class have conclusively

compromised, settled, dismissed, and released any and all Released Claims against

Defendant and the Released Persons;

i.      Without affecting the finality of the Final Approval Order and Judgment for

purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendant,

Plaintiffs, and the Settlement Class Members as to all matters relating to the administration,

consummation, enforcement, and interpretation of the terms of the Settlement, the

Settlement Agreement, the Final Approval Order and Judgment, and for any other

necessary purposes;

j.      Provides that upon entry of the Final Approval Order and Judgment, the

Releasing Persons, whether or not they receive a Settlement Share, shall be barred from

asserting any Released Claims against Defendant and/or any Released Persons, and any

such Settlement Class Members shall have released any and all Released Claims as against

Defendant and all Released Persons;

k.      Approves the Opt-Out List and determines that the Opt-Out List is a

conclusive and complete list of all members of the Settlement Class who have timely and

effectively requested exclusion from the Settlement Class and, accordingly, shall neither

share in nor be bound by the Final Approval Order and Judgment; and

l.      Authorizes the Parties, without further approval from the Court, to agree to

and adopt such amendments, modifications, and expansions of this Settlement Agreement

and all exhibits hereto as (i) shall be consistent in all material respects with the Final Approval Order and Judgment; and (ii) do not limit the rights of the Parties.

123.    As of the date of the Final Approval Order and Judgment, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Approval Order and Judgment.

a.    Subject to Court approval, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release provided for herein, and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or this Settlement or received a Settlement Share.

b.    Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement, the administration of such Settlement, and/or the Released Claims as well as any and all claims for Service Awards to Plaintiffs and an Attorneys' Fee Award to Class Counsel.

c.    The Releasing Persons and the Released Persons shall be deemed to have, and by operation of the Settlement have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

d.    Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights, and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law solely in connection with unknown Released Claims.  In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those that they now know or believe to be true with respect to matters released herein, and that any such Released Claims are hereby released, relinquished, and discharged, notwithstanding any such unknown or unsuspected claims and different or additional facts.  The Parties represent, warrant, and agree that this waiver is a material term of this Settlement Agreement, without which the Parties would not have entered into this Settlement Agreement.

e.    Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

f.    The Releasing Persons covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, or whether individually or collectively, against any person or entity, including the Released Persons, in any jurisdiction, on or after the Effective Date.

g.    Upon the Effective Date: (i) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and

(ii) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against any person or entity, including the Released Persons, whether on behalf of Plaintiffs, any Settlement Class Member or others, or whether individually or collectively, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XI.    WITHDRAWAL FROM OR TERMINATION OF THE SETTLEMENT

124.    If the Court fails to approve the Settlement Agreement substantially as written, or, if on appeal the Court's approval is reversed or modified in any material manner, all Parties will automatically be deemed to have withdrawn from Settlement and this Settlement Agreement will be automatically terminated.  In such instance, unless Plaintiffs or Defendant seeks and obtains permission to pursue an interlocutory appeal from any order denying preliminary approval of the Settlement, the Action will automatically revert to the status quo ante with the Plaintiffs and Defendant to confer on a proposed case management schedule.

125.    Within ten (10) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, Plaintiffs and Defendant shall have the right, but not the obligation, to withdraw from the Settlement and terminate this Settlement Agreement:

a.    If the Court materially alters any of the terms of the Settlement Agreement, except that any award of the Attorneys' Fee Award or the Service Award shall not be deemed to be a material alteration; or

b.    If a Preliminary Approval Order or a Final Approval Order and Judgment is not entered by the Court or is reversed and modified in a material way on appeal.

126.    In the event of a withdrawal pursuant to Paragraphs 124–25 above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Action to class treatment, and

the Parties shall be restored to their litigation position existing immediately before the execution
of this Settlement Agreement.

127.    In the event of withdrawal by any Party in accordance with the terms set forth in
this Section, the Settlement Agreement shall be null and void, shall have no further force and effect
with respect to any Party in the Action, and shall not be offered in evidence or used in any litigation
for any purpose, including the existence, certification or maintenance of any proposed or existing
class or the amenability of these or similar claims to class treatment.

128.    In the event of such withdrawal by any Party in accordance with the terms set forth
in this Section, this Settlement Agreement and all negotiations, proceedings, documents prepared
and statements made in connection herewith shall be without prejudice to Defendant, Plaintiffs,
and the Settlement Class Members, and shall not be deemed or construed to be an admission or
confession in any way by any Party of any fact, matter, or proposition of law and shall not be used
in any manner for any purpose, and the Parties to the Action shall stand in the same position as if
this Settlement Agreement had not been negotiated, made or filed with the Court.

## XII.    NOTICES

129.    All notices (other than the Class Notice and CAFA Notices) required by the
Settlement Agreement shall be made in writing and communicated by mail and electronic mail (e-
mail) to the following addresses:

All notices to Class Counsel shall be sent to Class Counsel, c/o:

> Frank S. Hedin
> **HEDIN LLP**
> 535 Mission Street, 14th Floor
> San Francisco, California 94105
> (305) 357-2107
> fhedin@hedinllp.com

All notices to Defense Counsel provided herein shall be sent to Defense Counsel, c/o:

Ari N. Rothman
Allison C. Nelson
**VENABLE LLP**
2049 Century Park East Suite 2300
Los Angeles, California 90067
(310) 229-9900
anrothman@venable.com
acnelson@venable.com

130.    The notice recipients and addresses designated above may be changed by written notice.

131.    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XIII.    MISCELLANEOUS PROVISIONS

132.    **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements, or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

133.    **Confidential Information**.  The Parties agree that the names, addresses, telephone numbers, and other data and materials concerning Settlement Class Members, including the Class List, used in effecting this Settlement ("Confidential Information") are highly confidential. Therefore, it is agreed that no Person, other than individuals directly employed by Defendant or to whom Defendant has expressly permitted access; the Settlement Administrator and the employees

of such Administrator; and such other Persons as the Court may order after hearing on notice to all counsel of record shall be allowed to access any Confidential Information.

134.    **Binding Effect**.  The terms herein are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto, including any Settlement Class Members.

135.    **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

136.    **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

137.    **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

138.    **Integration of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

139.    **Jurisdiction**.  The United States District Court for the Central District of California has jurisdiction over the Parties to this Settlement Agreement for the purposes of this Settlement and any action brought to enforce this Settlement.

140.    **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits, or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Approval Order and Judgment), the Settlement Agreement's negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

141.    **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of California.

142.    **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by PDF transmission via email, and as so executed shall constitute one original agreement.

143. **No Media Statements**.  Plaintiffs and Class Counsel agree not to issue any press releases regarding this Settlement or publicize it in any way, unless as required by law or Court order.

144. **No Assignment**.  Plaintiffs and each Settlement Class Member who does not opt out represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs or Settlement Class Members have or may have arising out of any allegations made in any of the actions comprising the Action or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs or Settlement Class Members may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs or Settlement Class Members in any manner; and no Person other than Plaintiffs or Settlement Class Members has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Settlement Agreement as those of Plaintiffs or Settlement Class Members.  Any Assignment in violation of this Paragraph shall be null and void and have no force or effect.

145. **Stay**.  The Parties stipulate to stay all proceedings in the Action until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, or affidavits or any other matters necessary to obtain and preserve Final Approval of this Settlement Agreement.

146. **Best Efforts**.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement in order to give this Settlement Agreement full force and effect.

147. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Settlement Agreement, the Parties shall consult with each other and certify to the Court that they have so consulted and complied with Local Civil Rule 7-3.

148. **No Waiver**. The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

149. **Authority**. The Parties represent and warrant that the Persons signing this Settlement Agreement on their behalf have full power and authority to bind every Person included within the definitions of Plaintiffs and 800-Flowers, Inc. to all terms of this Settlement Agreement. Any Person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.

150. **Advice of Counsel**. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Settlement Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the Releases, and the legal effects of this Settlement Agreement and the Releases, and fully understands the effect of this Settlement Agreement and the Releases.

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.

*PLAINTIFF TESSIBLE "SKYLER" FOSTER*

By: *Tessible Foster*        Date: Aug 30, 2024
Tessible "Skyler" Foster

*PLAINTIFF MARIE SCOTT:*

By:_____        Date:_____
Marie Scott

*PLAINTIFF KRISTA BAUMBACH:*

By:_____        Date:_____
Krista Baumbach

*800-FLOWERS, INC.:*

By:_____        Date:_____
Its:

*CLASS COUNSEL - APPROVED AS TO FORM:* Dated: Aug. 30, 2024 _____ By: *Frank S. Hedin*
Frank S. Hedin
HEDIN LLP
535 Mission Street, 14th Floor
San Francisco, California 94105

*DEFENSE COUNSEL - APPROVED AS TO FORM:*

Dated: _____        By:_____
Ari N. Rothman
Allison C. Nelson
VENABLE LLP
2049 Century Park East Suite 2300
Los Angeles, California 90067

42

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.

**PLAINTIFF TESSIBLE "SKYLER" FOSTER**

By:_____    Date:_____
    Tessible "Skyler" Foster

**PLAINTIFF MARIE SCOTT:**

By:_____    Date: **8/30/2024**_____
    Marie Scott

**PLAINTIFF KRISTA BAUMBACH:**

By:_____    Date:_____
    Krista Baumbach

**800-FLOWERS, INC.:**

_____    Date:_____
By:
Its:

**CLASS COUNSEL - APPROVED AS TO**

**FORM:** Dated: Aug. 30, 2024    By: *Frank S. Hedin*_____
                                                Frank S. Hedin
                                                HEDIN LLP
                                                535 Mission Street, 14th Floor
                                                San Francisco, California 94105

**DEFENSE COUNSEL - APPROVED AS TO FORM:**

Dated:_____    By:_____
                                                  Ari N. Rothman
                                                  Allison C. Nelson
                                                  VENABLE LLP
                                                2049 Century Park East Suite 2300
                                                Los Angeles, California 90067

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.

***PLAINTIFF TESSIBLE "SKYLER" FOSTER***

By:_____    Date: _____
    Tessible "Skyler" Foster

***PLAINTIFF MARIE SCOTT:***

By:_____    Date: _____
    Marie Scott

***PLAINTIFF KRISTA BAUMBACH:***

By:_____    Date: _Aug 30, 2024_____
    Krista Baumbach (Aug 30, 2024 09:36 PDT)
    Krista Baumbach

***800-FLOWERS, INC.:***

By:_____    Date: _____
Its:

***CLASS COUNSEL - APPROVED AS TO***

***FORM:*** Dated: Aug. 30, 2024_____    By: *Frank S. Hedin*_____
                                          Frank S. Hedin
                                          HEDIN LLP
                                          535 Mission Street, 14th Floor
                                          San Francisco, California 94105

***DEFENSE COUNSEL - APPROVED AS TO FORM:***

Dated: _____    By:_____
                                      Ari N. Rothman
                                      Allison C. Nelson
                                      VENABLE LLP
                                      2049 Century Park East Suite 2300
                                      Los Angeles, California 90067

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement
Agreement to be executed by their duly authorized representatives below.

***PLAINTIFF TESSIBLE "SKYLER" FOSTER***

By:_____          Date: _____
    Tessible "Skyler" Foster

***PLAINTIFF MARIE SCOTT:***

By:_____          Date: _____
    Marie Scott

***PLAINTIFF KRISTA BAUMBACH:***

By:_____          Date: _____
    Krista Baumbach

***800-FLOWERS, INC.:***

*William Shea*
_____          Date: _8/30/2024_____
By: William Shea
Its: Cfo

***CLASS COUNSEL - APPROVED AS TO FORM:***

Dated: _____          By: _____
    Frank S. Hedin
    HEDIN LLP
    535 Mission Street, 14th Floor
    San Francisco, California 94105

***DEFENSE COUNSEL - APPROVED AS TO FORM:***

Dated: _August 30, 2024_          By: _____
    Ari N. Rothman
    Allison C. Nelson
    VENABLE LLP
    2049 Century Park East, Suite 2300
    Los Angeles, California 90067

# Exhibit A

To:

From:

Re: Class Action Settlement Notice – *Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC (C.D. Cal.)

**Our Records Indicate You Were Automatically Charged for an Annual Renewal of 800-Flowers, Inc.'s Celebrations Passport For Which You Did Not Receive a Full Refund.  You Could Receive $6.91-$6.99 From A Class Action Settlement.**

Questions? Call 1-8XX-XXX-XXXX or call Class Counsel at 1-305-357-2107.

A Settlement has been reached in a class action lawsuit claiming that 800-Flowers, Inc. automatically charged annual renewal fees for its Celebrations Passport customer loyalty program in violation of California's Automatic Renewal Law ("ARL").  The Defendant, 800-Flowers, Inc., vigorously denies it violated any law, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing litigation.  The capitalized terms used herein are defined in the Settlement Agreement.

**Am I a Settlement Class Member?** Our records indicate you are a Settlement Class Member. Settlement Class Members are Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

**What Can I Get?** The Parties believe there are approximately 112,000 email addresses reflecting accounts in the Settlement Class.  Defendant has agreed to pay one million two hundred thousand dollars and 00/100 ($1,200,000.00) to a Common Fund.  If the Court grants Final Approval to the Settlement, you will automatically receive a Settlement Share paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address, or you can opt to receive a paper check.  The Parties have agreed to an Attorneys' Fee Award (up to $300,000) to Class Counsel and Service Awards of $2,500 to each of the three class representatives, which will also be paid from the Common Fund.  The estimated payment of $6.91-$6.99 assumes that the Court will award an Attorneys' Fee Award and Service Award in full, and reimbursement of reasonable litigation costs.

**How Do I Get a Payment?** A Settlement Share of approximately $6.91-$6.99  shall be paid by default to a Zelle account linked to the email address you most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address.  If you would prefer to receive your Settlement Share by paper check instead of electronic transfer, you may visit the Settlement Website at www.CARLPSettlement.com to request that a paper check be sent to a mailing address in the United States which you designate.  To access the Settlement Website, you will need to input your name and the email address at which you received this email.

**What are My Other Options?** You may exclude yourself from the Settlement Class by submitting an exclusion request on the Settlement Website no later than **[DATE]** or mailing to the Settlement Administrator a request for exclusion that is post-marked no later than **[DATE]** and which contains your (1) full name; (2) current address, current telephone number, and email address(es) which

you used in connection with your Celebrations Passport membership; and (3) a statement that indicates you desire to be excluded from the Settlement Class. Requests for exclusion must be signed or electronically signed by you. If you exclude yourself, you will not receive the Settlement Share indicated above, but you will keep any rights you may have to sue Defendant over the legal issues in the lawsuit.

Alternatively, you and/or your lawyer have the right to object to the proposed Settlement or the requested Attorneys' Fee Award and Service Award, and/or appear before the Court. All objections must be in writing, signed, and filed with the Court no later than **[DATE]**. An objection must state your: (1) full name; (2) current address, current telephone number, and current email address; (3) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (4) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (5) a statement of all objections to the Settlement and the legal and factual basis for each objection; (6) any and all agreements that relate to the objection or the process of objecting—whether written or oral— between you or your counsel and any other person or entity; (7) the number of times in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which you, your counsel, and/or your counsel's law firm has made such objection and a copy of any orders related to or ruling upon the objection, your counsel's or your counsel's law firm's prior objections that were issued by the trial and appellate courts in each such case in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the preceding five (5) years; and (8) your signature (an attorney's signature is not sufficient). Any Settlement Class Member who fails to timely file with the Court a written objection shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing.

Further instructions about how to properly object to or exclude yourself from the Settlement are available at www.CARLPSettlement.com

If you do not exclude yourself and the Settlement is finally approved, you will be bound by all of the Court's orders and judgments, and any claims you may have had against Defendant arising from or relating to the automatic renewal of your Celebrations Passport membership will be fully and finally resolved and released as set forth in the Settlement Agreement.

**Who Represents Me?** The Court has appointed Frank S. Hedin at Hedin LLP as Class Counsel to represent the Settlement Class. His contact information is as follows:

Frank S. Hedin
Hedin LLP
1535 Mission Street, 14th Floor
San Francisco, California 94105
(305) 357-2107
fhedin@hedinllp.com

You will not be charged for this attorney. If you want to be represented by your own attorney in this case, you may hire one at your own expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [TIME] on [DATE] at the First Street U.S. Courthouse, Courtroom 7B, 350 West First Street, Los Angeles, CA 90012.  At the hearing, the Court will hear any objections concerning the fairness, reasonableness, and adequacy of the proposed Settlement and whether the Court should grant Final Approval of the Settlement, and will determine the reasonableness of the requested Attorneys' Fee Award (of up to $300,000) and Service Awards to the three class representatives (of $2,500 each), and litigation costs.  If approved, these awards will not reduce the estimated cash payment.

**Want More Information?** For more information, including the full Class Notice, Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the motion for Attorneys' Fee Award and Service Award, and the Motion for Final Approval, or to submit a name/address update form and/or a paper check request form, go to www.CARLPSettlement.com, or contact the Settlement Administrator by phone at 1-8XX-XXX-XXXX or by writing to the address below, or contact Class Counsel.

*Para una notificación en español, visitar* www.CARLPSettlement.com

Celebrations Passport Autorenewal Class Action Settlement Administrator

c/o Kroll Settlement Administration, LLC

P.O. Box XXXXX

Chicago, IL XXXXX-XXXX

# Exhibit B

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

**Celebrations Passport Autorenewal
Class Action Settlement Administrator**
c/o Kroll Settlement Administration, LLC
P.O. Box XXXXXX
Chicago, IL  xxxxx-xxxx

**Our Records Indicate You Purchased Celebrations Passport From a 1-800 Flowers Brand Between September 7, 2019, and May 31, 2022**

**You Could Receive An Automatic Payment From A Class Action Settlement.**

«Barcode»

Postal Service: Please do not mark barcode

Control#: EAL-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

*Para una notificación en español,
visitar www.CARLPSettlement.com*

*Carefully separate at perforation.*
**CELEBRATIONS PASSPORT AUTORENEWAL CLASS
ACTION SETTLEMENT CHANGE OF ADDRESS FORM**

Use this form to update your name and address if it differs from below.

«Barcode»
Control#: EAL:-«ClaimID»-«MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»

Name (First Last): _____

Address: _____

Address 2: _____

City, ST, Zip: _____   _____   _____

Email Address: _____

Contact Phone #: (_____)_____- _____

**Questions? Visit www.CARLPSettlement.com  or Call 1-8    XX-XXX-XXXX**

*EAL  C                    ID *            «ClaimID»

A Settlement has been reached in *Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC (C.D. Cal.) claiming that 800-Flowers, Inc. automatically charged annual renewal fees for its Celebrations Passport customer loyalty program in violation of California's Automatic Renewal Law ("ARL"). Defendant, 800-Flowers, Inc., vigorously denies it violated any law, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case. The capitalized terms used herein are defined in the Settlement Agreement.

**Am I a Settlement Class Member?** Our records indicate you are a Settlement Class Member. Settlement Class Members are Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

**What Can I Get?** The Parties believe there are approximately 112,000 email addresses reflecting accounts in the Settlement Class. Defendant has agreed to pay one million two hundred thousand dollars and 00/100 ($1,200,000.00) to a Common Fund. If the Court grants Final Approval to the Settlement, you will automatically receive a Settlement Share paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address, or you can opt to receive a paper check. The Parties have agreed that an Attorneys' Fee Award (up to $300,000) to Class Counsel and Service Awards of $2,500 to each of the three class representatives, Notice and Administration Costs, and reasonable litigation costs will also be paid from the Common Fund. The estimated payment of $_____ assumes that the Court will award an Attorneys' Fee Award and Service Awards and the reimbursement of reasonable litigation costs in full.

**How Do I Get a Payment?** You do not need to do anything to receive the Settlement Share indicated above. If the Court grants Final Approval of the Settlement, a Settlement Share of approximately $6.91-$6.99 will be paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address. If you would prefer to receive your Settlement Share by paper check instead of electronic transfer, you may visit the Settlement Website at www.CARLPSetttlement.com to request that a paper check be sent to a mailing address in the United States which you designate. To access the Settlement Website, you will need to input your name and the address at which you received this Post Card Notice.

**What are My Other Options?** You may exclude yourself from the Settlement Class by submitting an exclusion request on the Settlement Website no later than **[DATE]** or by mailing to the Settlement Administrator a request for exclusion that is post-marked no later than **[DATE]** and which contains your (1) full name; (2) current address, current telephone number, and email address(es) which you used in connection with your Celebrations Passport membership; and (3) a statement that indicates your desire to be excluded from the Settlement Class. If you exclude yourself, you will not receive the Settlement Share indicated above, but you will keep any rights you may have to sue Defendant over the issues in this lawsuit.

Alternatively, if you do not exclude yourself, you and/or your lawyer have the right to object to the proposed Settlement or the requested Attorneys' Fee Award and Service Award, and/or appear before the Court. All objections must be in writing, signed, and filed with the Court no later than [**DATE**]. An objection must state your: (1) full name; (2) current address, current telephone number, and current email address; (3) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (4) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (5) a statement of all objections to the Settlement and the legal and factual basis for each objection; (6) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between you or your counsel and any other person or entity; (7) the number of times in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which you, your counsel, and/or your counsel's law firm has made such objection and a copy of any orders related to or ruling upon the objection, your counsel's, or your counsel's law firm's prior objections that were issued by the trial and appellate courts in each such case in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the preceding five (5) years; and (8) your signature (an attorney's signature is not sufficient).

Further instructions about how to properly object to, or exclude yourself from, the Settlement are available at www.CARLPSettlement.com. If you do not exclude yourself and the Court grants Final Approval of the Settlement, you will be bound by all of the Court's orders and judgments, and any claims you may have had against Defendant arising from or relating to the automatic renewal of your Celebrations Passport membership will be fully and finally resolved and released.

**Who Represents Me?** The Court has appointed Frank S. Hedin at Hedin LLP as Class Counsel to represent the Settlement Class. You will not be charged for this attorney. His contact information is: Frank S. Hedin, 535 Mission Street, 14th Floor, San Francisco, CA. His email and phone number are: FHedin@hedinllp.com, (305) 357-2107. If you want to be represented by your own attorney in this case, you may hire one at your own expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [TIME] on [DATE] at the First Street U.S. Courthouse, Courtroom 7B, 350 West First Street, Los Angeles, CA 90012. At the hearing, the Court will hear any objections concerning the fairness, reasonableness, and adequacy of the proposed Settlement and whether the Court should grant Final Approval of the Settlement, and will determine the reasonableness of the requested Attorneys' Fee Award (of up to $300,000) and Service Awards to the three class representatives (of $2,500 each), and litigation costs. If approved, these awards will not reduce the estimated cash payment.

**Want More Information?** For more information, including the full Class Notice, Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the motion for Attorneys' Fee Award and Service Award, and the Motion for Final Approval, or to submit a name/address update form, go to www.CARLPSettlement.com, or contact the Settlement Administrator by phone at 1-8XX-XXX-XXXX or by writing to the address below.

_____

_____
_____
_____

Celebrations Passport Autorenewal Class Action Settlement Administrator
c/o Kroll Settlement Administration, LLC
P.O. Box XXXXX
Chicago, IL XXXXX-XXXX

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# IF YOU PURCHASED CELEBRATIONS PASSPORT IN CALIFORNIA AND INCURRED AT LEAST ONE AUTOMATIC RENEWAL CHARGE, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this Class Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit claiming that 800-Flowers, Inc. automatically charged annual renewal fees for its Celebrations Passport customer loyalty program in violation of California's Automatic Renewal Law ("ARL"). The capitalized terms used herein are defined in the Settlement Agreement.

- You are included in the Settlement if you purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and you incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

- Settlement Class Members will automatically be sent a cash payment of **$6.91-$6.99** via Zelle or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address.

- Please read this Class Notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you receive an Email Notice, your Settlement Shares shall be paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address. If you receive a notice by post card you will receive a paper check sent to the address to which the post card was sent. **–and–** Regardless of whether you received a notice in the mail or by email, you will give up your rights to sue Defendant for the claims made in this case and resolved by the Settlement if you do nothing. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Settlement Share, but you will retain any rights you currently have to sue Defendant for the claims made in this case and resolved by the Settlement. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Class Notice.

# BASIC INFORMATION

| **1. Why was this notice issued?** |
| --- |

A Court authorized this Class Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give Final Approval to the Settlement.  This Class Notice explains the lawsuit, the Settlement, and your legal rights.

The United States District Court for the Central District of California is overseeing this case, known as *Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC (C.D. Cal.).  Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach are called the Plaintiffs.  The Defendant is 800-Flowers, Inc.  The Plaintiffs and Defendant are referred to collectively as the "Parties."

| **2. What is a class action?** |
| --- |

In a class action, one or more people called class representatives (in this case, Tessible "Skyler" Foster, Marie Scott, and Krista Baumbach) sue on behalf of a group or a "class" of people who have similar claims.  In a class action, the court resolves the issues for all members of the class, except for those who exclude themselves from the class.

| **3. What is this lawsuit about?** |
| --- |

This lawsuit claims that Defendant automatically charged annual renewal fees for its Celebrations Passport customer loyalty program in violation of California's Automatic Renewal Law ("ARL").  Defendant denies that it violated any law.

The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| **4. Why is there a Settlement?** |
| --- |

The Court has not decided whether Plaintiffs or Defendant should win this case.  Instead, both sides have agreed to the Settlement to avoid the uncertainties and expenses associated with ongoing litigation, enabling Settlement Class Members to receive compensation in a timely manner.

# WHO'S INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am in the Settlement Class?** |
| --- |

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

> All Persons who purchased Celebrations Passport in California from September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.

If you received a Class Notice in the mail or by email, the Settlement Administrator has identified you as being a Settlement Class Member.

# THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
|---|

The Parties believe there are approximately 112,000 email addresses reflecting accounts in the Settlement Class. Defendant has agreed to pay one million two hundred thousand dollars and 00/100 ($1,200,000.00) to a Common Fund. If the Court grants Final Approval to the Settlement, you will automatically receive a Settlement Share paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address, or you can opt to receive a paper check. The Parties have agreed to an Attorneys' Fee Award (up to $300,000) to Class Counsel and Service Awards of $2,500 to each of the three class representatives, and reimbursement of reasonable litigation costs which will also be paid from the Common Fund. The estimated payment of $6.91-$6.99 assumes that the Court will award an Attorneys' Fee Award and Service Awards in full, and reimbursement of reasonable litigation costs.

| 7. When will I get my payment? |
|---|

Settlement Shares will be paid after the Court grants Final Approval of the Settlement and/or after any timely-filed appeals brought by timely-objecting Settlement Class Members have been resolved in favor of the Settlement. The Final Approval Hearing for the Settlement is scheduled for [DATE] at [TIME]. Settlement Class Members will receive a payment automatically by electronic transfer or paper check as discussed in the answer to Question 8.

# HOW TO GET A PAYMENT

| 8. How do I get a Settlement payment? |
|---|

You do not need to do anything to receive a Settlement Share.

If you received an Email Notice, you shall be paid your Settlement Share by default to a Zelle account linked to the email address you most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address. If you would prefer to receive your Settlement Share by paper check instead of electronic transfer, you may visit the Settlement Website at www.CARLPSettlement.com to request that a paper check be sent to a mailing address in the United States which you designate. To access the Settlement Website, you will need to input your name and the email address at which you received Email Notice.

If you received a Post Card Notice in the mail, you will automatically receive a paper check which will be mailed to the same address at which the Post Card Notice was sent. However, if your name and/or address changes before Settlement Shares are issued, you should submit the form attached to your Post Card Notice with your updated information or update your address on the Settlement Website, www.CARLPSettlement.com. If you would instead like to receive your Settlement Share via electronic transfer, submit an electronic payment request via the Settlement Website, www.CARLPSettlement.com.

All change of address requests, paper check requests, and electronic deposit requests must be submitted via the Settlement Website, www.CARLPSettlement.com no later than ten (10) days prior to the Settlement Administrator's disbursement of Settlement Shares, which will be no earlier than [DATE].

## Remaining in the Settlement Class

| 9.  What am I giving up if I stay in the Settlement Class? |
| --- |

If the Settlement becomes final, you will give up your right to sue Defendant and certain entities related to the Defendant for the claims being resolved by this Settlement. The specific claims you are giving up against Defendant are described in Section X of the Settlement Agreement. You will be "releasing" Defendant and certain entities related to Defendant for claims arising from or relating to the automatic renewal of your Celebrations Passport membership. Unless you exclude yourself (*see* Question 13), you are "releasing" these claims against these entities, regardless of whether you receive a Settlement Share. The Settlement Agreement is available through the "Court Documents" link on the Settlement Website.

The Settlement Agreement describes the Released Claims in greater detail, so read it carefully. If you have any questions, you can talk to Class Counsel for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

| 10.  What happens if I do nothing at all? |
| --- |

If you do nothing, you won't be able to start a lawsuit or be part of any other lawsuit against Defendant or other related entities for the claims being resolved by this Settlement and released by the Settlement Agreement. If you received an Email Notice, you will receive a Settlement Shares paid by default to a Zelle account linked to the email address the Settlement Class Member most recently used to renew Celebrations Passport, or, if Zelle is unavailable, via an electronic MasterCard gift card sent to that same email address. If you received a Post Card Notice in the mail, you will receive a paper check mailed to the same address indicated in the Post Card Notice (unless an updated address is submitted, *see* answer to Question 8 above).

## The Attorneys Representing You

| 11.  Do I have an attorney in the case? |
| --- |

The following attorney represents the Settlement Class:

Frank S. Hedin
HEDIN LLP
535 Mission Street, 14th Floor
San Francisco, California 94105
(305) 357-2107
fhedin@hedinllp.com

He is called Class Counsel. Class Counsel believes, after conducting an extensive investigation, that the Settlement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for this attorney. If you want to be represented by your own attorney in this case, you may hire one at your own expense.

| 12.  How will the attorneys be paid? |
| --- |

Subject to Court approval, Class Counsel will seek $300,000 for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement in this matter, the reimbursement of reasonable litigation costs, as well as $2,500 to each class representative (for a collective Service Award amount of up to $7,500) in

QUESTIONS? CALL 1-8xx-xxx-xxxx TOLL-FREE, OR VISIT WWW.CARLPSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

- 4 -

recognition of the class representatives' assistance in helping to investigate, assert, and resolve the claims in this case.  The Court may award less than these amounts.  Under the Settlement Agreement, any Attorneys' Fee Award to Class Counsel and Service Award to class representatives will be paid from the Common Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13.  How do I get out of the Settlement?** |
| --- |

To exclude yourself from the Settlement, you must mail or submit a request for exclusion on the Settlement Website, www.CARLPSettlement.com.  Your request for exclusion must include your: (1) full name; (2) current address, current telephone number, and email address(es) which you used in connection with your Celebrations Passport membership; and (3) a statement that indicates you desire to be excluded from the Settlement Class; and (4) it must be signed (or electronically signed) by you.

Your request for exclusion must be submitted online or post-marked no later than [DATE].  Requests for exclusion sent by mail should be sent to:

Celebrations Passport Autorenewal Class Action Settlement Administrator
c/o Kroll Settlement Administration, LLC
P.O. Box XXXXX
Chicago, IL XXXXX-XXXX

| **14.  If I don't exclude myself, can I sue Defendant for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any right to sue Defendant and certain related entities for the Released Claims being resolved by this Settlement.

| **15.  If I exclude myself, can I receive a cash payment from this Settlement?** |
| --- |

No.  If you exclude yourself, you will not receive a cash payment from the Settlement.

## OBJECTING TO THE SETTLEMENT

| **16.  How do I object to the Settlement?** |
| --- |

If you are a Settlement Class Member, you can ask the Court to deny approval of the Settlement (and/or object to Class Counsel's request for an Attorneys' Fee Award or the class representatives' requests for Service Awards) by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies final approval of the Settlement, no Settlement Share payment will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing, signed, and filed with the Court (or mailed to the Clerk of the Court at the address below) and must identify the case name and number (*Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC) and a statement of all objections to the Settlement and the legal and factual basis for each objection.  The objection should include your (1) full name; (2) your current address, current telephone number, and current email address; and (3) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (4) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the

QUESTIONS? CALL 1-8xx-xxx-xxxx TOLL-FREE, OR VISIT WWW.CARLPSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

- 5 -

Court in accordance with the Local Rules); (5) a statement of all objections to the Settlement and the legal and factual basis for each objection; (6) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between you or your counsel and any other person or entity; (7) the number of times in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which you, your counsel, and/or your counsel's law firm has made such objection and a copy of any orders related to or ruling upon the objection, your counsel's or your counsel's law firm's prior objections that were issued by the trial and appellate courts in each such case in which the you, your counsel, and/or your counsel's law firm have objected to a class action settlement within the preceding five (5) years; and (8) your signature (an attorney's signature is not sufficient). Any Settlement Class Member who fails to timely file with the Court a written objection shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing.

Class Counsel will file with the Court and post on the Settlement Website, www.CARLPSettlement.com, its motion for an Attorneys' Fee Award and for Service Awards to the class representatives at least thirty-five (35) days prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question 20), you must say so in your objection letter or brief. You must either file the objection with the Court no later than [DATE] or mail the objection to the Court, at the address below, post-marked no later than [DATE].

| Court |
|-------|
| *Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC |
| United States District Court for the Central District of California |
| Clerk of the Court |
| 350 West First Street, Suite 4311 |
| Los Angeles, CA 90012 |

**17.  What's the difference between objecting to and excluding myself from the Settlement?**

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in (*i.e.*, do not exclude yourself from) the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you, and you will not receive a Settlement Share.

# THE COURT'S FINAL APPROVAL HEARING

**18.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [TIME] on [DATE] in Courtroom 7B, First Street U.S. Courthouse, 350 West First Street, Los Angeles, CA 90012. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's motion for an Attorneys' Fee Award; and to consider the motion for Service Awards to the class representatives.

At the Final Approval Hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement and of the requested Attorneys' Fee Award and Service Awards and reimbursement of reasonable litigation costs.

The Final Approval Hearing may be postponed to a different date or time without notice, so it is a good idea to check www.CARLPSettlement.com or call 1-8xx-XXX-XXXX for information on any changes to the date and time of the hearing. If you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you filed or mailed your written objection on time and it included everything listed in the answer to Question 16, the Court will consider it. You may also hire another lawyer to attend, but that is not required.

### 20. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear in *Paiz, et al. v. 800-Flowers, Inc.,* Case No. 2:23-cv-07441-AB-PVC." It must include your name, address, telephone number, and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court no later than [DATE] (or mailed to the Court at the address listed in Question 18) and post-marked no later than [DATE].

# GETTING MORE INFORMATION

### 21. Where do I get more information?

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please review the Settlement Agreement available at www.CARLPSettlement.com, by contacting Class Counsel at Hedin LLP, 535 Mission Street, 14th Floor, San Francisco, California 94105; Telephone: (305) 357-2107, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California at 350 West First Street, Suite 4311, Los Angeles, California 90012, between 9:00 a.m. and 4:00 p.m. PST, Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

QUESTIONS? CALL 1-8xx-xxx-xxxx TOLL-FREE, OR VISIT WWW.CARLPSETTLEMENT.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

- 7 -