UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSIBLE "SKYLER" FOSTER; MARIE SCOTT; and KRISTA BAUMBACH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>800-FLOWERS, INC.,<br><br>    Defendant. | Case No. 2:23-cv-07441-AB-PVC<br><br>[**PROPOSED**] FINAL APPROVAL ORDER AND JUDGMENT |

This matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23(e). Following a hearing on January 31, 2025, and based on this Court's review of the Parties' Settlement Agreement, Plaintiff's Unopposed Motion for Final Approval of Settlement, and all files and submissions, the Court finds good cause to grant the Motion.

**FINDINGS:**

(1)   Unless otherwise specified, defined terms in this Final Approval Order and Judgment have the same definition as the terms in the Settlement Agreement.

(2) The Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement and all exhibits thereto.

(3) The Settlement Agreement was negotiated at arm's length, entered into in good faith, is fair, reasonable, and adequate, and satisfied the standards and applicable requirements for Final Approval of this class action Settlement pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure and the requirements of Due Process and applicable law.

(4) Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement. The Parties adequately performed their obligations under the Settlement Agreement.

(5) Class Notice was provided to Settlement Class Members in compliance with Section V of the Settlement Agreement, Rule 23(e)(B)(1) of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Settlement Class Notice Program: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing, and of their right to seek monetary and other relief; (c) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all requirements of Due Process and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23 and California state law), and that the CAFA Notice sent by the Settlement Administrator complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

(6) Class Counsel is entitled to an Attorneys' Fee Award and reimbursement for costs as indicated by separate order. Such award is fair and reasonable in light of

the nature of this case, Class Counsel's experience and efforts in prosecuting the Action, and the benefits obtained for the Settlement Class.

(7) Plaintiffs are each awarded a Service Award as indicated by separate order. Such awards are fair and reasonable in light of: (a) Plaintiffs' risks in commencing this Action (including financial, professional, and emotional) as a class representative; (b) the time and effort spent by Plaintiffs litigating the Action as class representatives; and (c) Plaintiffs' service rendered in the public interest.

**IT IS ORDERED THAT:**

**(1) Class Members**. Pursuant to Rule 23(e)(2) the Court approves certification of the following Settlement Class for the purposes of the Settlement:

> All Persons who purchased Celebrations Passport in California on or after September 7, 2019, through May 31, 2022, and who incurred at least one automatic renewal charge for Celebrations Passport that was not fully refunded.[1]

**(2) Binding Effect of Final Approval Order and Judgment**. This Final Approval Order and Judgment applies to all claims or causes of action settled under the Settlement Agreement, has *res judicata* preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release against the Released Persons maintained by or on behalf of the Releasing Person, and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 10 of the Order Granting Preliminary Approval. This Final Approval Order and Judgment does not bind Persons who filed timely and valid requests for exclusion. Attached to this Final Approval Order and Judgment as **Exhibit A** is a conclusive and

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are the following Persons: (a) 800-Flowers, Inc., the Released Persons and their employees, officers, directors, agents, and representatives, and their immediate family members; (b) Class Counsel; (c) the Court, the Court's immediate family members, and Court staff; and (d) the mediator, Jill Sperber, Esq. of Judicate West.

complete list of Persons who properly requested to be excluded from the Settlement. There have been no objections by Settlement Class Members to the Settlement.

       **(3) Release.** Upon entry of this Final Approval Order and Judgment, the Releasing Persons, whether or not they received a Settlement Share, are: (a) deemed to have released and discharged 800-Flowers, Inc. and any Released Persons from all claims arising out of or asserted in this Action and the Released Claims under the Settlement Agreement; and (b) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these Released Claims against 800-Flowers, Inc. and/or any Released Persons. Plaintiffs and Settlement Class Members have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendant and the Released Persons. The full terms of the release described in this paragraph are set forth in paragraph 123 of the Settlement Agreement and incorporated herein.

       **(4) No Admission and Bar on Use.** Neither the Settlement Agreement nor any of its provisions, its exhibits, or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Approval Order and Judgment), the Settlement Agreement's negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order. *See* Agreement at ¶ 140.

       **(5) Undertakings under the Settlement Agreement.** The Parties to the Settlement Agreement, and as applicable all other persons and entities, are ordered to perform their obligations thereunder and to refrain from engaging in any conduct prohibited by the Settlement Agreement. The terms of the Settlement Agreement shall be deemed incorporated as if explicitly set forth herein and shall have the full force of

an order of this Court. The Parties to the Settlement Agreement, without further approval from the Court, are authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Approval Order and Judgment; and (b) do not limit the rights of the Parties.

      **(6) Dismissal and Continuing Jurisdiction**. This Action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Final Approval Order and Judgment, the Court retains exclusive and continuing jurisdiction over the Settlement Administrator, Defendant, Plaintiffs, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, the Final Approval Order and Judgment, and for any other necessary purpose, until all of the terms of the Settlement Agreement have been fully carried out.

**IT IS SO ORDERED.**

**Dated:  February 24, 2025**

Hon. André Birotte, Jr.
United States District Judge

# EXHIBIT A

# Exclusion List

| Count | First Initial | Last Name |
|-------|---------------|-----------|
| 1     | E             | Wong      |
| 2     | N             | Meza      |
| 3     | K             | Steele    |

Case 2:23-cv-07441-AB-PVC    Document 68    Filed 02/24/25    Page 7 of 7    Page ID #:1059